Rose SZLOSEK, et al.,
Plaintiffs, Appellants,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

No. 88–1141.

United States Court of Appeals,
First Circuit.

Heard Sept. 9, 1988.

Decided Nov. 14, 1988.

Peter Benjamin, Western Massachusetts Legal Services, Springfield, Mass., for plaintiffs, appellants.

Mary Beth McNamara, Office of the General Counsel, Social Sec.Div., Dept. of Health and Human Services, Washington, D.C., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for Social Sec. Litigation, John M. Sacchetti, Chief, Retirement, Survivors and Supplemental Assistance Litigation Branch, Robin Kaplan and Susan M. Wakshul, Office of the General Counsel, Social Sec.Div., Dept. of Health and Human Services, Washington, D.C., were on brief, for defendant, appellee.

Before COFFIN, ALDRICH and TORRUELLA, Circuit Judges.

PER CURIAM.

This case has been thoroughly and well tried in the court below and competently argued and briefed before us. It also has received a thoughtful, comprehensive and, we think, sound decision and opinion from the district court. *Szlosek v. Secretary of Health & Human Services,* 674 F.Supp. 944 (D.Mass.1987). We see no legitimate purpose served by repeating, in perhaps somewhat different fashion, the facts, the argument and analysis therein set forth. We, therefore, affirm on that opinion with only the following comments.

The primary argument of appellants is that the words "payments received" in 42 U.S.C. § 1382a (a)(2)(B) preclude the Secretary from applying her regulation, 20 C.F. R. § 416.1123(b), to include money withheld from SSI recipients to recoup a prior Title II Social Security overpayment in determining whether such recipients qualify for SSI benefits. We find helpful and supportive of the district court's decision *Heckler v. Turner,* 470 U.S. 184, 105 S.Ct. 1138, 84

---

L.Ed.2d 138 (1985), where the Court construed the "long-enshrined principle of 'actual availability,'" *id.* at 199, 105 S.Ct. at 1147, which had been applied by the court of appeals to exclude mandatory payroll tax withholdings from being considered as income for recipients of Aid to Families with Dependent Children (AFDC). In other words, the Court, facing the question whether mandatory payroll deductions could be considered income in determining AFDC eligibility and benefit amount, concluded that counting the full amount of an individual's pay check, including amounts withheld for such necessary expenses, did not violate the "availability principle." *Id.* at 201–202, 105 S.Ct. at 1147–1148. The appellants, in replying on this case, failed to consider its actual holding.

AFFIRMED.