932 F.2d 1273
 33 Soc.Sec.Rep.Ser. 392
 Velma MARTIN, on behalf of herself and all others similarly
situated, Plaintiff-Appellee,
v.
Louis J. SULLIVAN, Secretary of the Department of Health and
Human Services,* Defendant-Appellant.
Nos. 88-15024, 88-15279.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 3, 1989.
Decided Aug. 31, 1990.
As Amended May 14, 1991.
 
 John S. Koppel, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.
 Gill Deford, Nat. Senior Citizens Law Center, Los Angeles, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before POOLE, BEEZER and TROTT, Circuit Judges.
 POOLE, Circuit Judge:
 
 
 1
 The Secretary of Health and Human Services (Secretary) appeals the decision of the district court invalidating one of his regulations, 20 C.F.R. Sec. 416.1123(b)(1) (1988), which characterized as "income" for purposes of assessing a person's eligibility for Supplemental Security Income (SSI) benefits amounts not received in hand but which were instead being withheld by other agencies to recoup prior overpayments. Martin v. Bowen, 694 F.Supp. 718 (N.D.Cal.1988).
 
 BACKGROUND
 
 2
 The facts of this case are not in dispute. As the widow of a former railroad employee, Mrs. Velma Martin (Martin) became eligible to receive monthly survivor's benefits from the Railroad Retirement Board (Board) beginning in December 1978. In May 1985, the Board notified Martin that she had been overpaid during the first four years in the amount of $8,528.92 because she had neglected to report additional income. To recover the amount owing, the Board informed Martin that her entire monthly benefit of $268.16 would be suspended for a period of 34 months. As a result of this withholding Martin's monthly income was reduced to about $386, the amount she received in Social Security Retirement Benefits.
 
 
 3
 Martin petitioned the Board for a waiver of the recovery. Her request was denied, however, because she was deemed to be at fault in causing the overpayment. In January 1987, Martin applied to the Social Security Administration (SSA) for SSI benefits to supplement her Social Security Retirement Benefits. The SSA denied Martin's application based upon its determination that her total income exceeded the maximum income permissible for SSI eligibility. In computing Martin's income, the agency relied on 20 C.F.R. Sec. 416.1123(b)(1).[1] Based upon that regulation, the SSA included as income attributable to Martin those sums which were being withheld by the Board to recover the prior overpayment of benefits.
 
 
 4
 Martin exhausted the available administrative channels of review without success. Subsequently, she brought a challenge to 20 C.F.R. Sec. 416.1123(b)(1) in district court, claiming that the regulation violated both the language and the intent of Title XVI of the Social Security Act (Act), 42 U.S.C. Sec. 1381, et seq., and that it denied her equal protection under the fifth amendment.[2] The parties filed cross motions for summary judgment and Martin filed a motion for certification of a circuit-wide class of plaintiffs. Martin also filed a motion for monetary and injunctive relief on behalf of herself and the class.
 
 
 5
 In No. 88-15024 the Secretary appeals the district court's order granting plaintiff's motions for summary judgment and class certification. No. 88-15799 represents the Secretary's appeal from the court's second order affording to plaintiff and plaintiff's class injunctive and monetary relief. These two appeals have been consolidated. The district court had jurisdiction over the action pursuant to 42 U.S.C. Secs. 405(g) and 1383(c)(3), and 28 U.S.C. Sec. 1361. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 DISCUSSION
 
 6
 The district court held that the regulation contravened "both an express statutory command and the overriding intent of Congress"[3] as embodied in 42 U.S.C. Sec. 1382a(a)(2)(B) of the Act, which defines as income any "payments received as an annuity, pension, retirement or disability benefit ..." (district court's emphasis).[4] The district court construed the "any payments received" language of the statute as imposing a requirement of "actual receipt." Thus, because the Secretary's regulation permitted the SSA to count toward a claimant's income benefits which were only constructively received, the court ruled that 20 C.F.R. Sec. 416.1123(b)(1) was inconsistent with its congressional statutory progenitor.
 
 
 7
 In arriving at its conclusion, the district court departed from the reasoning which has now been adopted by each of the four circuits that have considered this issue. The First, Second, Fifth and Seventh circuits have upheld the validity of the Secretary's regulation, viewing the use of the term "received" in Sec. 1382a(a)(2)(B) not as obtruding any special conditions for making income determinations but rather as nothing more than a mere "grammatical link between 'payments' and the descriptive list of benefits which follows." Lyon v. Bowen, 802 F.2d 794, 798 (5th Cir.1986).[5] Instead of relying on these out-of-circuit cases, the district court relied on two Ninth Circuit decisions that are inapposite to the case at bar. These cases are Whaley v. Schweiker, 663 F.2d 871 (9th Cir.1981) and Summy v. Schweiker, 688 F.2d 1233 (9th Cir.1982).
 
 
 8
 In Whaley, the plaintiff qualified as a benefit recipient under both 42 U.S.C. Sec. 402(a) and 42 U.S.C. Sec. 1382 of the Social Security Act, and also qualified for a pension as a veteran with a non-service connected disability, under the Veteran's Act (VA), 38 U.S.C. Sec. 521. 663 F.2d at 872-873. The plaintiff's children were also eligible for dependent's benefits under the Veteran's Act. Id. The Veteran's Administration combined plaintiff's personal benefits totalling $103.93 with his children's dependent's benefits, totalling $51.11, into a single check, payable to plaintiff, totalling $155.04. Id. at 874.
 
 
 9
 In calculating the plaintiff's SSI benefits, the Secretary included as countable income the $51.11 amount of the dependent children's benefits included in the check. Whaley, 663 F.2d at 874. The Secretary argued that because the benefits were delivered to plaintiff in one unapportioned check, the entire monetary amount was actually available to the plaintiff because he was free to use the money as he pleased and thus could apply the pension to his own needs rather than spend it to support his dependents. Id. Therefore, the Secretary argued, the plaintiff was no longer eligible for SSI benefits because the entire amount was attributable to him as income under 42 U.S.C. Sec. 1382a(a)(2)(B) and its governing regulations. Id. This court, however, rejected the Secretary's arguments and held that the portion of increased pension benefits paid to a veteran for the support of his dependent children did not constitute income to the veteran for the purpose of computing SSI benefits. Id. at 875.
 
 
 10
 Whaley, however, is distinguishable from the present case. In Whaley, the court construed the purposes of the Veteran's Benefit Statute and focused primarily on the fact that under that statute, the VA benefits were specifically intended for the support of the plaintiff's dependent children and that the delivery of the benefits in a single check did not alter this intention. See Whaley v. Schweiker, 663 F.2d at 874. In Whaley, the court, in essence, determined that the plaintiff acted solely as a trustee for his children and that the funds in no sense belonged to him because the court did not "believe that Congress intended either the forced separation of the family or the veteran to use his own separate funds that were intended for his children." 663 F.2d at 875.
 
 
 11
 In the present case, however, the Railroad Retirement Act (RRA) benefits being withheld by the Board--recouped or unrecouped, apportioned or unapportioned--are solely for Martin. The underlying debt to the Board represents overpaid benefits that aided Martin. Moreover, the Board's withholding of the amount to recover the RRA overpayment actually benefitted her by extinguishing an outstanding debt. Thus, because Martin's income is used to pay off her obligation and because she is benefitting financially from the satisfaction of the debt, the RRA sums being withheld to recover the overpayment are to be considered available income. See also Lyon v. Bowen, 802 F.2d at 797.
 
 
 12
 Likewise, in Summy, a claimant for SSI also received a veteran's pension. In that case, the plaintiff received sums from the Veteran's Administration as reimbursement for certain extraordinary medical expenses totalling $286.32. Summy v. Schweiker, 688 F.2d at 1234. The Secretary argued that the amount of the reimbursement should be treated as unearned income received under 42 U.S.C. Sec. 1382a(a)(2)(B) since VA pensions are income for purposes of computing SSI benefits and because the VA pension already included the medical expense reimbursement. Id. The Summy court rejected this argument, noting that the funds could best be treated as a reimbursement "for expenditures previously made over which there was little control and which could not have been used to meet" the plaintiff's basic needs. Id. at 1235. Therefore, this court held that the funds could not be included as countable income for purposes of supplemental security income entitlement. Id.
 
 
 13
 Summy, however, is inapplicable to this case. The court specifically stated that its holding was "limited to those items which qualify as a 'third party payment for medical care or medical services furnished to a beneficiary,' under 20 C.F.R. Sec. 416.-1109(a)(1980) ..." Id. at 1235. The Summy court also declared that "[it was] not holding that all items 'not income' for VA purposes are also 'not income' for SSI purposes." Id. at 1235. Moreover, in Summy, the SSI regulations at issue specifically excluded reimbursement for extraordinary medical expenses from the calculation of income. Id. at 1234.
 
 
 14
 In reaching its conclusion, the court in Summy relied heavily upon the fact that the special medical expenses ordinarily must be treated as having been made involuntarily. Summy v. Schweiker, 688 F.2d at 1235. Here, however, Martin was at fault in causing the overpayment because she incurred the debt to the Board by failing to report her additional income. The government may prevent dissipation of its own resources through neglect, abuse or fraud. Lyon v. Bowen, 802 F.2d at 795. Moreover, because evidence demonstrates that the Board has offered Martin the option of reduced withholding, her debt and repayment obligations to the Board can not be deemed to be beyond her control. Cf. Summy, 688 F.2d at 1235.
 
 
 15
 Finally, in a more recent case not relied upon by the district court, this court again addressed the issue of the proper definition of countable income for purposes of calculating federal benefits, this time in the context of the Medicaid statute, 42 U.S.C. Sec. 1396 et seq. See Department of Health Services v. Secretary of HHS, (DHS ) 823 F.2d 323, 327 (9th Cir.1987). In DHS, this court held that the State of California could treat court-ordered spousal and child support payments as "unavailable" to Medicaid recipients for purposes of Medicaid benefit eligibility determinations. 823 F.2d at 327. Thus, relying on Whaley, this court held in DHS that since income earmarked for dependents could not be used to reduce the veteran's entitlement to SSI cash assistance, income that a Medicaid recipient uses to pay court-ordered child support or alimony cannot be used to reduce the recipient's Medicaid benefits. Id. at 328.
 
 
 16
 DHS is also distinguishable. In DHS, the court stated that if SSI regulations were controlling, such regulations would undermine, rather than support the Secretary's position that the statute contemplates the counting of income earmarked for child and spousal support in calculating benefits. 823 F.2d at 328. The court buttressed this position by noting that SSI and AFDC regulations do not allow child support or alimony payments to be income to the payor because Congress has determined that they are income to the payee and, in the court's view, such income is available to only one person. Id. However, as discussed above, the funds here were only earmarked for Martin's benefit. Therefore, the analysis applied in DHS with regard to the potential effects of the SSI statute on the issues presented in that case is inapplicable here. Moreover, because the court determined that states do not have to follow SSI eligibility rules in fashioning state plans for Medicaid, the discussion in DHS concerning whether child support and alimony payments constitute income for SSI eligibility purposes is merely dicta. Id. at 327-328.
 
 
 17
 In sum, the three above-mentioned cases do not create a broad "actual availability" principle that is to be applied to every case determining what constitutes "income" for purposes of SSI benefits. Not one of the cases in the above Ninth Circuit trilogy involves the SSA calculating as income benefit payments withheld by an agency in order to recoup an unreported prior overpayment. Moreover, these cases do not pertain to a benefit claimant who was at fault in causing the overpayment because she failed to report additional income. In all three cases, the cash actually received by the affected parties was specifically earmarked for different purposes or parties. Based on the reasons stated above, we conclude that Whaley, Summy, and DHS are inapplicable to the present case and rely upon the decisions of the First, Second, Fifth and Seventh circuits which have decided the very issue at bar.[6]
 
 
 18
 After reviewing the provision in the context of the entire statutory scheme, we agree with the other circuits that the more plausible construction of Sec. 1382a(a)(2)(B) is that which rejects an actual receipt requirement. As stated in Robinson v. Bowen, "[t]he term 'received' appears only in subsection (a)(2)(B) of Sec. 1382a(a)(2); if Congress had specifically intended the use of the term 'received' in subsection (a)(2)(B) to impose a condition of actual receipt on the items enumerated in that subsection, it knew how and would have imposed such a requirement in the other subsections as well." 650 F.Supp. 1495, 1498 (S.D.N.Y.) (footnote omitted), aff'd, 828 F.2d 71 (2d Cir.1987).
 
 
 19
 The district court also found that the regulation conflicted with the congressional intent underlying the SSI program. It recognized, correctly, that Congress had dual policy concerns in mind when it implemented the SSI program. The first was to assist this Nation's destitute, aged, blind and disabled by guaranteeing to them a minimum level of income to meet their needs for food, clothing and shelter. See Lyon, 802 F.2d at 797. The second, competing, goal was to preserve the fiscal solvency of the SSI program by protecting its coffers from dissipation through neglect, abuse and fraud. Id. Evaluating these conflicting goals, the district court reasoned that since Congress, in 42 U.S.C. Sec. 1383(b)(1)(B), had specifically limited the SSA's rate of recovery of overpaid SSI benefits to no greater than ten percent of the debtor's regular monthly payment under that program, by logical extension Congress must have also intended for the SSA to abide by similar standards when dealing with debtors to other benefit programs. This demonstrated, concluded the court, that Congress envisioned the primacy of the first goal over the second.
 
 
 20
 The consequence of striking the balance of goals in this manner is that SSI funds will be used to partially subsidize a claimant's debt to an outside program whenever the rate of benefits being withheld exceeds 10 percent. We find it difficult to accept the proposition that Congress, in enacting Sec. 1383(b)(1)(B), meant to occasion such a serious externality.[7] Had Congress intended to impose restrictions on the SSA's ability to count as income monies being withheld regardless of the benefit program involved, we believe that Congress would have made its mandate more explicit. Absent less ambiguous language, we cannot interpret Sec. 1383(b)(1)(B) so broadly.
 
 
 21
 Several of the courts which have upheld the Secretary's regulation have suggested that their decisions rested to a considerable degree upon the fact that the hardship on the claimants had been mitigated to some extent since they were afforded the option of reduced withholding. See Lyon, 802 F.2d at 800-01; Robinson, 650 F.Supp. at 1500-01. Here, the Secretary has adduced evidence demonstrating that the Board has a policy in place to permit reduced withholding, and that, indeed, Martin has been offered that option. We find to be without merit Martin's assertion that the Secretary's regulation should be invalidated simply because not all of the programs potentially affected by it clearly provide for reduced withholding. The Secretary has represented the thrust of the general policy. If, in particular situations, it has not been applied, that generally would be the subject of administrative concern and consideration.
 
 
 22
 Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.
 
 
 
 *
 Louis J. Sullivan is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 This regulation reads in pertinent part:
 (b) Amount considered as income.
 We may include more or less of your unearned income than you actually receive.
 (1) We include more than you actually receive where another benefit payment ... has been reduced to recover a previous overpayment. You are repaying a legal obligation through the withholding of portions of your benefit amount, and the amount of your debt reduction is also part of your unearned income.
 
 
 [2]
 The district court declined to address the merits of Martin's equal protection claim
 
 
 [3]
 Martin, 694 F.Supp. at 724
 
 
 [4]
 Martin, 694 F.Supp. at 720
 
 
 [5]
 In addition to the Lyon case, the validity of 20 C.F.R. Sec. 416.1123(b)(1) was upheld in Robinson v. Bowen, 650 F.Supp. 1495 (S.D.N.Y.), aff'd, 828 F.2d 71 (2d Cir.1987); Szlosek v. Secretary of Health and Human Services, 674 F.Supp. 944 (D.Mass.1987), aff'd, 861 F.2d 13 (1st Cir.1988) (per curiam); Healea v. Bowen, 871 F.2d 48 (7th Cir.1989)
 
 
 [6]
 The Social Security Administration has recently amended related SSI regulations 20 C.F.R. Secs. 416.1102, 416.1110 and 416.1123(b)(2). See 56 Fed.Reg. 32209-3212 (effective January 29, 1991). While these regulations are not at issue here, they reflect existing policy and clarify the Secretary's position that amounts withheld from earned and unearned income for payment of a debt or other legal obligation are included in income for the purpose of determining eligibility and payment amount under the SSI program
 
 
 [7]
 This is not to imply that the ramifications inherent in impairing a claimant's ability to meet his subsistence needs are likely to be any less serious. However, as other courts that have been faced with this challenge have pointed out, by instructing the Secretary to recover overpaid SSI benefits by reducing future SSI payments in cases where the claimant was not without fault, Sec. 1383(b)(1)(B) conclusively demonstrates Congress' willingness to compromise its goal of providing a guaranteed subsistence level of income when necessary to preserve the fiscal integrity of the SSI program. See, e.g., Robinson, 650 F.Supp. at 1500