Jesse CERVANTEZ, on Behalf of himself and others similarly situated, Plaintiff–Appellee,

v.

Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Defendant–Appellant.

No. 90–15056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1990.

Submission Vacated Oct. 11, 1990.

Resubmitted May 16, 1991.

Decided April 7, 1992.

As Amended on Denial of Rehearing and Rehearing En Banc June 10, 1992.

---

Deborah Ruth Kant, Deputy Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

Gary F. Smith and Carole F. Grossman, Legal Services of Northern California, Inc., Woodland, Cal. and Gill Deford, Nat. Sr. Citizens Law Center, Los Angeles, Cal., for plaintiff-appellee.

Before: BROWNING, GOODWIN and RYMER, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

The Secretary of Health and Human Services calculates the income of Supplemental Security Income (SSI) claimants to determine their eligibility for benefits and the amount of these benefits. The SSI claimants in this class action are subject to state court garnishment orders, pursuant to which funds they would otherwise receive are withheld to pay their legal obligations. It is the Secretary's policy, embodied in a published regulation, 20 C.F.R. § 416.-1123(b)(2), to count the garnished amounts as income to the claimants. The district court struck down this regulation as in conflict with the Social Security Act.[1] The Secretary appeals and we reverse.*

I

The SSI program was enacted by Congress in 1972 to provide "a subsistence allowance, under federal standards, to the Nation's needy aged, blind, and disabled." *Schweiker v. Wilson*, 450 U.S. 221, 223, 101

---

1. Opinions of the district court are reported at 719 F.Supp. 899 (E.D.Cal.1989), 724 F.Supp. 757 (E.D.Cal.1989), and 739 F.Supp. 517 (E.D.Cal. 1990).

* The joint motion to file supplemental briefs is granted. The briefs have been considered.

S.Ct. 1074, 1077, 67 L.Ed.2d 186 (1981); *see* 42 U.S.C. §§ 1381–1383c (Title XVI of the Social Security Act). To be eligible for SSI benefits, a claimant must be aged, blind or disabled, as defined by 42 U.S.C. § 1382c, and must have "income" and "resources" below certain levels. *See* 42 U.S.C. § 1382(a). Persons eligible for SSI benefits receive a monthly check reduced on a dollar-for-dollar basis by any "income" they receive. 42 U.S.C. § 1382(b). "Income" for SSI purposes is defined in 42 U.S.C. § 1382a and detailed regulations promulgated by the Secretary. *See* 20 C.F.R. §§ 416.1100–416.1182.

Jesse Cervantez has been eligible for SSI since 1985 because of serious physical and mental disabilities. He fell behind in child support payments, and a state court entered a garnishment order. Pursuant to this order, the Secretary withheld approximately $359 of Cervantez' monthly total of $558 in Title II (SSD) disability benefits.[2] Pursuant to 20 C.F.R. § 416.1123(b)(2), the Secretary counted the garnished $359 as part of Cervantez' "income" in computing his SSI benefit eligibility level, resulting in a reduction in total benefits received from more than $650 to less than $300 per month. Cervantez filed suit on behalf of himself and other SSI claimants whose benefits were denied or reduced because the Secretary treated garnished amounts as "income."

▮ The issue presented is whether the district court properly held 20 C.F.R.

§ 416.1123(b)(2) to be inconsistent with the Act.[3]

## II

### A

The Social Security Act defines the "income" of an SSI claimant as including both "earned income" and "unearned income." 42 U.S.C. § 1382a(a). Section 1382a(a)(1) lists the items constituting "earned income," and section 1382a(a)(2), in defining "unearned income," provides:

unearned income means all other income, including—

.  .  .  .  .

(B) any payments received as an annuity, pension, retirement, or disability benefit, including veterans' compensation and pensions, workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement annuities and pensions, and unemployment insurance benefits....

As we have noted, the regulation central to this appeal provided that the funds listed in § 1382a(a)(2) as "unearned income" will be considered "income" of an SSI claimant even if the funds are garnished by state court order:

(b) *Amount considered as income.* We may include more or less of your unearned income than you actually receive.

. . . .

(2) We also include more than you actually receive if amounts are withheld from unearned income because of a garnishment or to make certain payments

---

**2.** The Social Security Disability Insurance Program (SSD) provides benefits to disabled persons who have contributed to the program through deductions from their wages, or who are dependents of contributors. *See* 42 U.S.C. §§ 401–33. These benefits may be garnished to pay child and spousal support obligations. 42 U.S.C. § 659.

**3.** The class certified by the district court is defined to include SSI claimants who had not completed the administrative review process as well as others who had completed the process. 719 F.Supp. at 909. The Secretary argues the district court should *not* have heard a challenge to the garnishment regulation by a class including members who had not exhausted their administrative remedies. Judicial review of the

Secretary's decisions is authorized by 42 U.S.C. § 405(g). It is an unwaivable jurisdictional requirement of Section 405(g) review "that a claim for benefits shall have been presented to the Secretary." *Bowen v. City of New York*, 476 U.S. 467, 483, 106 S.Ct. 2022, 2031, 90 L.Ed.2d 462 (1986) (citation omitted). All class members met this requirement. Section 405(g) also requires that "the administrative remedies prescribed by the Secretary be exhausted." *Id.* However, this requirement is not jurisdictional. *Id.* Because we reject claimants' argument on the merits, we need not decide whether the district court erred by including in the class claimants who had not exhausted administrative remedies.

such as payment of your Medicare premiums.

20 C.F.R. § 416.1123(b)(2) (1990).[4]

### B

Plaintiffs contended, and the district court agreed, that because 42 U.S.C. § 1382a(a)(2)(B) defines "unearned income" to an SSI claimant as including "any payments *received*" from "an annuity, pension, retirement or disability benefit," and because garnished amounts are not "*received*" by the claimant, it violates the plain language of the statute to count these amounts as "income." After the district court's decision, however, we followed four other circuits in holding the word "received" is used in subsection (a)(2)(B) as a "mere grammatical link," and does not require that funds be physically received by claimants to be counted as "income." *Martin v. Sullivan*, 932 F.2d 1273, 1275, 1278 (9th Cir.1990) (citation omitted).[5]

*Martin* upheld a regulation providing that funds withheld from a government benefits check to recoup a prior overpayment must be counted as "unearned income" even though these funds were not physically received by the claimant. The converse is also true: amounts physically received by a claimant are not always countable as income. We held in *Whaley*

*v. Schweiker*, 663 F.2d 871, 875 (9th Cir. 1981), that the Secretary could not count as "income" to an SSI claimant a portion of the claimant's Veteran's Administration pension specifically earmarked for the claimant's children, even though these funds were physically received by the claimant.

### C

■ Plaintiffs argue that garnished amounts may not be counted as "income" because they are not actually available to meet the subsistence needs of SSI claimants. No such requirement is found in the statutory definition of "income,"[6] and *Martin* rejected the argument that this Circuit's prior cases had interpreted the statute as creating "a broad 'actual availability' principle that is to be applied to every case determining what constitutes 'income' for purposes of SSI benefits." 932 F.2d at 1277. The funds counted as "income" in *Martin* were withheld to repay a debt to a government agency and were no more available to meet subsistence needs than the funds in this case.

The three prior Ninth Circuit cases plaintiffs rely upon as establishing an "actual availability" requirement (*Whaley*, 663 F.2d 871, *Summy v. Schweiker*, 688 F.2d

---

**4.** 20 C.F.R. § 416.1123 was revised after this case was filed. *See* 55 Fed.Reg. 20,598 (May 18, 1990); 56 Fed.Reg. 3209 (Jan. 29, 1991). The revisions do not change the treatment of garnished amounts as unearned income. 20 C.F.R. § 416.1123(b)(2) (1991) now provides:

(b) *Amount considered as income.* We may include more or less of your income than you actually receive.

. . . .

(2) We also include more than you actually receive if amounts are withheld from unearned income because of a garnishment, or to pay a debt or other legal obligation, or to make any other payment such as payment of your Medicare premiums.

**5.** *See Healea v. Bowen,* 871 F.2d 48 (7th Cir. 1988); *Szlosek v. Secretary of HHS,* 861 F.2d 13 (1st Cir.1988), *aff'g,* 674 F.Supp. 944 (D.Mass. 1987); *Robinson v. Bowen,* 828 F.2d 71 (2d Cir.1987), *aff'g,* 650 F.Supp. 1495 (S.D.N.Y.

1987); *Lyon v. Bowen,* 802 F.2d 794 (5th Cir. 1986).

**6.** In contrast, Congress provided that in determining eligibility for *Medicaid,* a state may take into account "only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, *available* to the applicant or recipient...." 42 U.S.C. § 1396a(a)(17)(B). (emphasis added).

Before 1980, the SSI regulations also stated that "[i]n determining the amount of unearned income the amount actually available to the individual is considered." 20 C.F.R. § 416.1120 (1977). This sentence, however, was dropped in 1980. *See* 45 Fed.Reg. 65,541 (Oct. 3, 1980). Moreover, despite the general definition in 20 C.F.R. 416.1120 (1977), the Secretary's policy manuals had made clear at least since 1976 that garnished amounts were counted as unearned income.

1233 (9th Cir.1982), and *Department of Health Services v. Secretary of HHS*, 823 F.2d 323 (9th Cir.1987)) were distinguished in *Martin. See id.* 932 F.2d at 1276–77.

In *Whaley*, we held the Secretary could not count as "income" to an SSI claimant a portion of the claimant's Veteran's Administration pension specifically earmarked for the claimant's children.[7] The amounts at issue in *Whaley* were intended by Congress to be used for the support of the claimant's children, not the claimant. 663 F.2d at 874–75. The claimant would not have received the funds if he had not had custody of the children and responsibility for supporting them. *Id.* Although the funds were sent to the claimant, he received them, in essence, as a trustee for his children. *See Martin*, 932 F.2d at 1276 (plaintiff in *Whaley* "acted solely as a trustee for his children"). In contrast, the garnished amounts counted as "income" in this case were not intended for anyone but the claimants; the funds were payable to the claimants and were garnished to pay obligations owed by the claimants.

In *Summy*, we held amounts received from the Veteran's Administration as reimbursement for extraordinary medical expenses did not constitute income for SSI purposes. 688 F.2d at 1235. *Summy* relied on an SSI regulation expressly providing " 'income' does not include 'the value of any third party payment for medical care or medical services furnished to a beneficiary.' " 688 F.2d at 1234 (quoting 20 C.F.R. § 419.1109(a) (1980)). The Court limited its holding in *Summy* to payments expressly excluded from "income" by the terms of the regulation.[8] *See Martin* 932 F.2d at 1276–77. The regulation applicable

to this case expressly includes rather than excludes garnished amounts as "income."

The decision in *DHS* is more troublesome because the opinion contains a statement that amounts used to pay court-ordered child support obligations may not be counted as "income." The question at issue in *DHS*, however, was whether the Secretary could require the State of California to count amounts claimants were compelled to pay for court-ordered child support or alimony as "income" for the purpose of the Medicaid program. The Secretary argued California was required to adopt the definition of "income" established by the Social Security Act and the Secretary's SSI regulations. 823 F.2d at 327. The court rejected this contention, holding California was *not* required to adopt the SSI definition of "income," and that California's "proposal to treat court-ordered spousal and child support payments as 'unavailable' to the Medicaid recipient for purposes of determining his or her eligibility," *id.* at 326, was therefore valid. *Id.* at 327–28 (states not required to follow SSI eligibility requirements in formulating Medicaid eligibility standards).

The *DHS* Court went on to comment that the holding in *Whaley*, an SSI case, should be read to prohibit inclusion in "income" of money used to pay court-ordered child support or alimony. *DHS* at 327–28. *Martin* held this broad characterization of the *Whaley* holding was "merely dicta" because the *DHS* Court had already held that California's own rule excluding spousal and child support payments from "income" in Medicaid cases was valid and controlling. *See Martin*, 932 F.2d at 1277.[9] Accepting

---

7. The holding of *Whaley* has been adopted in 20 C.F.R. § 416.1123(e):

    *Veterans Benefits.* If you receive a veterans benefit that includes an amount paid to you because of a dependent, we do not count as your unearned income the amount paid to you because of the dependent.

8. The court stated:

    Our holding is limited to those items which qualify as a 'third party payment for medical care or medical services furnished to a beneficiary,' under 20 C.F.R. § 416.1109(a) (1980). *Summy*, 688 F.2d at 1235.

9. *Martin* could have added, in distinguishing *DHS*, that the Medicaid definition of "income" applicable in *DHS*, in contrast to the SSI statutory definition, contains a specific "availability" requirement, a fact noted in the *DHS* opinion: "[t]o determine if an individual is entitled to Medicaid benefits, a State may consider only the income and resources 'available' to the applicant." 823 F.2d at 325 (citing 42 U.S.C. § 1396a(a)(17)). *See also* note 6. Thus, it does not follow that if amounts used for child support are not "available" for Medicaid purposes such amounts are not "income" as defined by the SSI statute.

the interpretation placed upon *DHS* by *Martin,* there is no holding in this circuit for plaintiffs' position that amounts used for child support may not be counted as "income" to SSI claimants.

### D

■ The legislative history is silent as to Congress' intent with respect to whether garnished amounts should be counted as unearned income. "When confronted with congressional silence, we examine 'whether the agency's answer is based on a permissible construction of the statute.'" *Briggs v. Sullivan,* 954 F.2d 534, 538 (9th Cir. 1992) (citation and internal quotation marks omitted) (deferring to Secretary's interpretation of Social Security Act). The Secretary's "interpretation of the statute is given controlling weight unless it is arbitrary, capricious or manifestly contrary to the statute." *Id.*

■ We disagree with plaintiffs' contention that the usual "deference to the interpretation given the statute by the officers or agency charged with its administration," *id.* 954 F.2d at at 538 (citations omitted), should not apply because the Secretary's view has not been consistently held. Plaintiffs note the Secretary has generally interpreted the Social Security Act as including as "income" to SSI claimants only funds available to meet subsistence needs; *see, e.g.,* 20 C.F.R. § 416.1102, which has long

> While *Whaley* was an SSI case, it relied partly on 20 C.F.R. § 416.1102 (1981), which "defines income in terms of *availability* to meet the recipient's basic needs." 663 F.2d at 873. (emphasis added). The garnishment regulation, like the regulation at issue in *Martin,* is a specific exception to the general description of income in 20 C.F.R. § 416.1102. The Secretary has revised the general rule of § 416.1102 to make clear the garnishment regulation (20 C.F.R. § 1123(b)(2)) and the regulation at issue in *Martin* (20 C.F.R. § 416.1123(b)(1)) are exceptions: Income is anything you receive in cash or in kind that you can use to meet your needs for food, clothing, and shelter. Sometimes income also includes more or less than you actually receive [sic] (see § 416.1110 and § 416.1123(b)).
> ....
> 20 C.F.R. § 416.1102 (1991). Thus, while both *Whaley* and *DHS* involved "availability" requirements, this case, like *Martin,* does not.

defined income as "anything you receive in cash or in kind that you can use to meet your needs for food, clothing, and shelter." While this has been the Secretary's general interpretation of the Act, the Secretary's treatment of garnished amounts has been a consistent exception to this general rule. *See* note 9. Policy manuals issued by the Secretary establish that garnished amounts have been counted as "income" from at least as early as 1976. The garnishment regulation itself, 20 C.F.R. § 1123(b)(2), was first published in 1982. *See* 47 Fed. Reg. 13,792 (Apr. 1, 1982). On the specific issue of garnishment, the Secretary's position has been consistent.

The Secretary's decision to include garnished amounts as "unearned income" is a reasonable interpretation of the statutory language. Garnished amounts are used to pay legal debts of the SSI claimant. Income is commonly defined to include gain from the discharge of indebtedness. The Internal Revenue Code has long included in gross income "[i]ncome from discharge of indebtedness." 26 U.S.C. § 61(a)(12); *see Old Colony Trust Co. v. C.I.R.,* 279 U.S. 716, 729, 49 S.Ct. 499, 504, 73 L.Ed. 918 (1929) (payment of debt to third party is income to debtor); *See also Martin,* 932 F.2d at 1276 (because plaintiff was "benefiting financially from the satisfaction of the debt," the financial benefit was properly counted as income to plaintiff).[10]

**10.** Plaintiffs argue that because child support payments are counted by the Social Security Act, at least in part, as income to the recipient, *see* 42 U.S.C. §§ 1382a(a)(2)(E), 1382a(b)(9), they cannot also be counted as income to the payor. This argument is based on a flawed premise. The garnishment regulation does not count child support as income to the payor; it counts as income the funds used by the payor to make the child support payments.

The discussion of this issue by the *DHS* Court, 823 F.2d at 328, concerned whether funds used to make child support payments could be considered "available" to both the payor and the payee, not whether amounts may be counted as income even if they are used to meet child support obligations rather than for another purpose. In any event, as stated earlier, the discussion in *DHS* was dicta.

Plaintiffs correctly note that Congress intended to provide eligible persons with sufficient income to meet their subsistence needs, and that the garnishment regulation reduces the total funds available to an SSI recipient below that level. However, *Martin* noted that while one of Congress' goals was to meet the subsistence needs of the destitute aged, blind and disabled, this goal is tempered by the need to "preserve the fiscal solvency of the SSI program by protecting its coffers from dissipation through neglect, abuse and fraud." 932 F.2d at 1278. The garnishment regulation furthers this competing need. In the absence of such a regulation, the SSI program would replace garnished income a dollar-for-a-dollar, favoring SSI claimants who did not pay their debts. Claimants with some outside income would have an incentive to fail to pay their debts and await garnishment, thereby shifting the cost of repayment to the SSI program.

In sum, the regulation is a reasonable interpretation of the statute, and "[w]e are not empowered to substitute our judgment for that of the agency." *Briggs*, 954 F.2d at 538 (citation and internal quotation marks omitted).

REVERSED.