Laura J. COWINGS, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Defendant—Appellee.

No. 03–15278.

D.C. No. CV–02–05616–REC(LJO).

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2003.*

Decided Sept. 17, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Laura J. Cowings, pro se, Modesto, CA, for Plaintiff–Appellant.

Linda Anderson, Esq., USF–Office of the U.S. Attorney, Fresno, CA, Leo R. Montenegro, Esq., SSA–Social Security Administration, San Francisco, CA, for Defendant–Appellee.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Laura J. Cowings appeals from the dismissal of her claim for Supplemental Security Income ("SSI"). The district court held there was substantial evidence that Cowings had excess income and resources making her ineligible. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo, see *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (per curiam), and we affirm.

Cowings received several distributions from inheritances in 1998 and 1999. Because she refused to accept the money, the following amounts were deposited with the Los Angeles County Treasurer: $10,191.64 in July 1998, $153.82 in March 1999, and $431.00 and $6,413.13 in June 1999. In March 1999, payment of Cowings' SSI ben-

efits were suspended because she had financial income and resources in excess of the $2000 allowed by law. At her administrative hearing, Cowings testified that the inheritances consisted of "illegal funds" connected to a family feud, and that she would not accept the money.

The $10,191.64 was deposited with the County Treasurer in July 1998 in Cowing's name. Inherited funds become "resources" at the beginning of the second calendar month after their receipt, *see* 20 C.F.R. § 416.1201(a)(4), and an individual is not eligible for SSI benefits if she has more than $2,000.00 in resources. There is thus substantial evidence that Cowings became ineligible for SSI in September 1998, two months after the $10,191.54 was deposited with the County Treasurer. She has access to the $10,191.64 until September 2003, five years after the deposit, and can claim the $6.413.13 until August 2004.

AFFIRMED.

FERGUSON, Circuit Judge, dissenting.

I respectfully dissent. Laura Jean Cowings ("Cowings"), a disabled individual, has been receiving Supplemental Security Income ("SSI") benefits since 1997. Today, the majority upholds the District Court's decision to render Cowings ineligible for SSI benefits because of her inheritances in 1998 and 1999, despite the fact that she refuses to accept the money. Maj. Op. at 1. At a hearing before the Administrative Law Judge ("ALJ"), Cowings testified that the inheritances consisted of "illegal funds" connected to a family feud, and disavowed the funds.

Under the Social Security regulations, an inheritance is considered unearned in-

come [1] which is counted "[w]hen you receive it or when it is credited to your account or set aside for your use." 20 C.F.R. § 416.1123 (1999). It is hard to believe that Congress's intent was to punish those who do not claim their inheritances and thus gain no economic benefit from the money even though it is held in their name. The statute presumes that the inheritance would be accepted or desired. In implementing the SSI program, Congress's goal of meeting the subsistence needs of "the Nation's destitute, aged, blind and disabled by guaranteeing to them a minimum level of income to meet their needs for food, clothing and shelter[,]" tempered by the need "to preserve the fiscal solvency of the SSI program by protecting its coffers from dissipation through neglect, abuse and fraud." *Martin v. Sullivan*, 932 F.2d 1273, 1278 (9th Cir.1990) (citation omitted). This is certainly not a case of neglect, abuse or fraud by an SSI recipient. Once she has withdrawn the money out of the treasury, then the money should be reported to the Social Security Administration and count against her as received. A flexible reading of the Social Security Regulation is warranted here.

By the conclusion of these proceedings, Cowings will be denied her SSI benefits and will have lost all possibility of claiming her inheritances. The gifts were deposited with the Los Angeles County Treasurer and, in September 2003, the inheritance of $10,191.54 will escheat to the state. The remaining gift of $6,413.13 will escheat in August 2004.

Because I find it patently unjust to deny an otherwise qualified SSI recipient benefits due to an inheritance she has rejected, I must dissent.

---

1. "Some types of unearned income are—(g) Gifts and inheritances ... An inheritance is something that comes to you as a result of someone's death." 20 C.F.R. § 416.1121 (1999).