**Bernice K. CRANFORD, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. CV F 04–6025 AWIDLB.**

United States District Court, E.D. California.

Jan. 14, 2005.

While Plaintiff was formerly married to the taxpayer, the petition alleges they had a prenuptial agreement and at the time of the taxpayer's death, Plaintiff and the taxpayer were separated. The summons was not served on Plaintiff. The petition alleges that the IRS does not seek the American Express credit card records at issue in good faith or for a legitimate purpose, they are irrelevant to the deceased taxpayer's tax obligations, and the summons invades Plaintiff's privacy.

On November 16, 2004, Defendant United States filed a motion to dismiss the petition to quash. The United States contends that the court lacks jurisdiction over the United States because the United States was never properly served pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. The United States also contends that it has not waived its sovereign immunity and jurisdiction regarding the petition because Plaintiff was not identified in the summons and the summons was issued to aid in the collection of an already assessed tax liability.

Plaintiff did not file an opposition or otherwise oppose the United State's motion to dismiss.

**LEGAL STANDARDS**

**A. Service**

■ "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). While Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), "neither actual notice nor simply naming the defendant in the complaint will

David C Johnston, Law Offices of David C Johnston, Modesto, CA, for Plaintiff.

Paul S. Ham, United States Department of Justice, District of Columbia, CA, for Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

ISHII, District Judge.

**BACKGROUND**

On July 28, 2004, Plaintiff Bernice K. Cranford filed a petition to quash summons pursuant to 26 U.S.C. § 7609(b)(2)(A). The petition alleges that on June 10, 2004, the United States, through the Commissioner of the Internal Revenue issued a summons addressed to American Express Travel Related Services ("American Express") in the matter of taxpayer Leonard Lloyd Morris relating to tax periods 1987 through 1995. The petition alleges that the summons sought documents relating to a credit card issued to and used by Plaintiff, not the taxpayer.

provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986). Both Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure allow a motion to dismiss for insufficiency of process. Rule 12(b)(4) was designed to challenge irregularities in the contents of a summons. *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (1986), *reversed on other grounds by* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). Rule 12(b)(5) permits a defendant to challenge the method of service attempted by the plaintiff.

■ Where the validity of service is contested, the burden is on the party claiming proper service has been effected to establish validity of service. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993). The court may weigh and determine disputed issues of fact on a Rule 12(b)(5) motion. Rutter, Cal. Practice Guide: Fed. Civ.Pro. Before Trial, § 9:152 (2004). Where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant. *Montalbano v. Easco Hand Tools, Inc.* 766 F.2d 737, 740 (2nd Cir.1985).

## B. Jurisdiction

■ Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Fed.R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir.1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D.Cal.1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir.1992). A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987); *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983).

## DISCUSSION

### A. Service

■ Rule 12(b)(5) allows a defendant to move to dismiss an action where the service of process of a summons and complaint is insufficient. Under Rule 4(i), a party seeking to serve the United States must serve a copy of the summons and complaint (1) personally on the United States Attorney for the district in which the action is brought and (2) by certified or registered mail to the United States Attorney General. Fed.R.Civ.P. 4(i); *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir.1990). If proper service is not

accomplished within 120 days after the complaint is filed and the party on whose behalf service was required cannot show good cause why such service was not made, the action must be dismissed. Fed. R.Civ.P. 4(m); *Hart v. United States,* 817 F.2d 78, 80–81 (9th Cir.1987). In the Ninth Circuit, dismissals due to technical noncompliance with Rule 4(i) may be excused if (1) the party to be served personally received notice, (2) the defendant would suffer no prejudice from the service defect, (3) there is justifiable excuse or good cause for the failure to serve properly, and (4) the plaintiff would be severely prejudiced if his complaint was dismissed. *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984). If good cause is not shown, dismissal is required. *See Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir.1985).

■ The United States moves to dismiss Plaintiff's action for insufficiency of service of process alleging that, although Plaintiff personally served IRS Officer Randy Reece with a copy of her Petition, Plaintiff failed to serve either the United States Attorney for the Eastern District of California or the United States Attorney General as required by Rule 4(i). Plaintiff has not filed an opposition to the United States' motion. As such, it is difficult to apply the *Borzeka* test and determine if technical service should be excused. Plaintiff appears to meet parts 1 and 2 of the *Borzeka* test because the United States did receive *actual notice and it does not appear the United States would suffer* prejudice from the service defect. Given Plaintiff's failure to file an opposition, it is unclear if Plaintiff would be severely prejudiced if this action were dismissed; a showing that is required to meet part 4 of the *Borzeka* test. Regardless, Plaintiff has failed to meet part 3 of the *Borzeka* test because Plaintiff has provided no excuse for her failure to comply with Rule 4(i). Plaintiff's failure to serve properly or provide an explanation for her failure can

only be attributed to inadvertent error or ignorance of the governing rules, neither of which constitute good cause. *See Townsel v. County of Contra Costa,* 820 F.2d 319, 320 (9th Cir.1987); *Wei,* 763 F.2d at 372. Because Plaintiff failed to properly serve the United States Attorney for the Eastern District of California and the United States Attorney General within the 120–day period or to provide good cause for her failure, the court must dismiss Plaintiff's action.

## B. Standing

■ The United States also challenges the court's jurisdiction by asserting that the United States has not waived its sovereign immunity to be sued under 26 U.S.C. § 7609. "The United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). A court cannot imply sovereign immunity by the United States and it must be unequivocally expressed in statutory text. *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) (citations omitted). The Ninth Circuit has addressed the issue of whether a person has standing to challenge an IRS summons as an issue of subject matter jurisdiction. *See Ip v. United States* 205 F.3d 1168, 1171 (9th Cir.2000).

The IRS has broad investigatory powers under the Internal Revenue Code. *See 26* U.S.C. §§ 7601–7613. Under section 7602(a)(1), the IRS is empowered to issue a summons to compel examination of "books, papers, records or other data which may be relevant or material" to an inquiry for purpose of "ascertaining the

correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. Section 7609(a) requires that the IRS serve notice to the individuals whose records they have summoned in a third-party summons. 26 U.S.C. § 7609(b)(2); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir.1985). Those individuals are then entitled to petition the court to quash the summons. 26 U.S.C. § 7609(b)(2). However, the IRS need not serve such notice where the third-party summons is issued in aid of the collection of "an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i); *Ip*, 205 F.3d at 1172–73.

Notice pursuant to Section 7609(b)(2) grants standing to the person entitled to notice so that he or she may challenge the summons in district court. *Ip*, 205 F.3d at 1172. "[I]f a person is not entitled to notice . . ., he or she has no standing to initiate an action to quash the summons." *Ip*, 205 F.3d at 1170, n. 3.[1]

In this case, the United States contends that Plaintiff does not have standing to quash the summons. At issue is a summons issued on June 10, 2004 to American Express seeking documents relating to a credit card issued to and used by Plaintiff. The summons references taxpayer Leonard Lloyd Morris. Despite the fact the summons concerned Plaintiff's credit card, Plaintiff was not given notice. The United States contends that Plaintiff was not entitled to notice, and thus does not have standing to challenge the summons, because she was not identified in the summons and the summons was issued to aid in the collection of assessed tax liabilities.

The Ninth Circuit in *Ip v. United States*, 205 F.3d 1168 (9th Cir.2000) addressed when an individual has standing to challenge an IRS summons concerning their own records in connection with collecting a tax assessment from another individual or entity. In *Ip*, the Ninth Circuit was asked to decide "whether notice is required under 26 U.S.C. § 7609(a) when the Internal Revenue Service summons a third-party record-keeper to produce financial records of a person who has no outstanding tax liability and who has no legal relationship with any person against whom a tax assessment has been made." *Ip*, 205 F.3d at 1169. The petitioner in *Ip* had bank accounts in her own name at Cathay Bank and the Bank of America. *Id.* at 1170–71. Under the authority of 26 U.S.C. § 7602(a), the IRS summonsed her bank records, without notice to her, to produce her accounts to aid in its investigation of Diamond Trade Ltd., a Hong Kong corporation for which the petitioner's fiancé was an agent. *Id.* The petitioner was not given notice. The Ninth Circuit determined that in some circumstances an individual with no tax liability and who was never under IRS investigation is entitled to notice when summonses are issued for personal bank

---

1. To obtain enforcement of a summons in a properly filed action, the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Fortney v. United States*, 59 F.3d 117, 119–20 (9th Cir.1995). The IRS's burden is slight and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the requirements have been met. *Fortney*, 59 F.3d at 119–20; *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir.1993). "Once a prima facie case is made a 'heavy' burden is placed on the taxpayer to show an 'abuse of process' or 'the lack of institutional good faith.'" *Fortney*, 59 F.3d at 119–20; *Dynavac*, 6 F.3d at 1414.

account records to aid the IRS's investigation into a corporation and collection of its tax liability. *Id.* at 1175–77. The Ninth Circuit concluded that notice is not required if the assessed taxpayer has a recognizable legal interest in the records summoned. *Id.* at 1176. The Ninth Circuit noted that under the facts before it, the IRS had not presented evidence that the corporate assessed taxpayer had a legal interest in the petitioner's personal bank account. *Id.* Accordingly, the petitioner was entitled to section 7609(a) notice and had section 7609(b)(2) standing to challenge the summonses. *Id.* at 1177.

Based on *Ip*, Plaintiff was entitled to notice, and has standing to challenge the summons, if the taxpayer had no legal interest in the American Express credit card account. The Plaintiff in this case is the wife of the taxpayer against whom the tax liability was assessed, implying a legal interest by the taxpayer. However, in her complaint, Plaintiff maintains that before she married the taxpayer on February 14, 1987, they entered into a written prenuptial agreement that provided they would have no community property and that each spouse's current and subsequent assets would be separate property. Plaintiff also states that on September 30, 1999, she and the taxpayer separated. Finally, Plaintiff states that she filed a petition for legal separation on October 5, 1999 and she and the taxpayer never reconciled before the taxpayer's death on April 13, 2001. While Plaintiff has not opposed the United States's motion to dismiss, it appears from her petition that she is attempting to show that the taxpayer did not have a legal interest in her credit card account.

In their motion, the United States provides more information. The United States provides evidence that the IRS has made an assessment against the taxpayer for the years 1987, 1988, 1990, 19991, 1992, 1993, 1994, and 1995. The taxpayer was

convicted on February 26, 1993 for failure to file income tax returns. The United States provides evidence that the taxpayer was required to file tax returns and provide financial information as a condition of probation, but he refused to do so. The United States provides evidence that on March 3, 1993, the taxpayer recorded a certificate of Limited Partnership with the California Office of the Secretary of State and formed Crossroads Dental Limited Partnership ("Crossroads"). The United States provides evidence that its investigation shows that Plaintiff was employed as a manager of Crossroads and had signatory authority to sign checks on Crossroads' behalf. The United States provides evidence that some of these checks were paid to American Express for the credit card at issue in this action. The United States provides evidence that the summons was issued to gather relevant information and documents regarding the taxpayer's possible use of Crossroads to shield income generated from the taxpayer's dental practice and personal assets from the IRS. The United States provides evidence that its on-going investigation reveals that Plaintiff diverted assets formerly held by Crossroads and the Taxpayer's estate to herself to further shield these assets from the IRS. The United States believes that documents gained from the summons may assist the IRS in locating assets held by Crossroads, or any other entity or person, as the nominee/alter ego and/or transferee of the taxpayer.

Based on the allegations and evidence currently before the court, the court cannot find that Plaintiff has standing to challenge the summons. Given the relationship between Plaintiff and the taxpayer, Plaintiff does not fall under *Ip*. Not only was Plaintiff legally married to the taxpayer at the time of his death, Plaintiff had authority to write checks on behalf of

Crossroads, the taxpayer's limited partnership, and some of these checks appear to have been used to pay for the credit card at issue. Plaintiff has failed to file an opposition or otherwise refute the United State's evidence. Given Plaintiff's burden of proof, the court cannot find an absence of a legal relationship between Plaintiff and the taxpayer. *See Northwest Envtl. Defense Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir.1997) (burden of proof on plaintiff to prove standing); *Snake River Farmers' Ass'n, Inc. v. Department of Labor*, 9 F.3d 792, 795 (9th Cir.1993)(party invoking federal jurisdiction bears the burden of establishing standing). Because the evidence currently before the court shows a legal relationship, *Ip* does not apply and this action is governed by Section 7609(c)(2)(D)(i). As such, notice did not need to be given when the summons was issued because it was issued to aid in the collection of a tax assessment. Thus, Plaintiff has no standing to challenge the summons because she was not entitled to notice.

### ORDER

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1. The United States's motion to dismiss is GRANTED; and

2. This action is DISMISSED without prejudice.

IT IS SO ORDERED.