871 F.2d 48
 25 Soc.Sec.Rep.Ser. 230, Unempl.Ins.Rep. CCH 14213A,
Unempl.Ins.Rep. CCH 14614A
Sarah E. HEALEA, Plaintiff-Appellee,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant-Appellant.
 No. 87-2300.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 4, 1988.
Decided Oct. 5, 1988.
Vacated and Reissued March 20, 1989.
 
 Donald T. McDougall, Asst. Regional Counsel, Dept. of Health and Human Services, Chicago, Ill., for defendant-appellant.
 John R. Porter, Jr., Prairie State Legal Services, Inc., Bloomington, Ill., for plaintiff-appellee.
 Before BAUER, Chief Judge, and CUMMINGS and COFFEY, Circuit Judges.
 BAUER, Chief Judge.
 
 
 1
 Sarah E. Healea is a 69-year old widow who, in 1976, began receiving widow's insurance benefits from the Social Security Administration (SSA) under Title II of the Social Security Act (the Act). In October, 1982, Mrs. Healea applied for and eventually received Supplemental Security Income (SSI) pursuant to Title XVI of the Act, 42 U.S.C. Sec. 1381 et seq., to augment her Title II benefits. On August 10, 1984, an Administrative Law Judge (ALJ) determined that the SSA had overpaid Mrs. Healea $1,419.40 in widow's benefits in 1978, 1979, and 1980. The ALJ further concluded that because Mrs. Healea was "not without fault," the SSA could not waive the overpayment. As a result of the ALJ's decision, in October, 1984, the SSA began withholding $40 per month from Mrs. Healea's widow's benefits to recover the previous overpayment.
 
 
 2
 Since 1982, the SSA has considered the income Mrs. Healea has received from her widow's benefits in computing the monthly amount of SSI granted her. But when the SSA reduced the widow's benefit payments in 1984, there was no corresponding increase in her monthly SSI payment. Thus, in effect, when the SSA calculated Mrs. Healea's entitlement to SSI benefits, it continued to count as income the money withheld by the SSA to recover the Title II overpayments. The reason for this is the Secretary of Health and Human Service's (the Secretary) regulation 20 C.F.R. Sec. 416.1123(b)(1), which states:
 
 
 3
 Amount considered as income. We may include more or less of your unearned income than you actually receive.
 
 
 4
 (1) We include more than you actually receive where another benefit payment (such as social security insurance benefit) ... has been reduced to recover a previous overpayment....
 
 
 5
 The question on appeal is whether this regulation, which allows the Secretary to count withheld Title II payments as income for purposes of computing SSI payments, violates section 1382a(a)(2)(B), 42 U.S.C. Sec. 1382a(a)(2)(B) (1986). Section 1382a(a)(2)(B) defines earned and unearned income for purposes of determining SSI eligibility and calculating the amount of assistance. Under this section, unearned income is, among other things,
 
 
 6
 any payments received as an annuity, pension, retirement, or disability benefit, including veteran's compensation and pensions, workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement annuities and pensions, and unemployment insurance benefits....
 
 
 7
 42 U.S.C. Sec. 1382a(a)(2)(B) (emphasis supplied).[1]
 
 
 8
 Mrs. Healea contends, and the district court held, that the term "received" means actually received.[2] She argues that because the withheld Title II benefits are not within her possession or control, she has not "received" those benefits. The Secretary, on the other hand, contends that Congress did not intend to require actual receipt of the benefits described in section 1382a(a)(2)(BB). Ordinarily, when the intent of Congress on a specific issue is ambiguously expressed in a statute, "the question for the court is whether the agency's answer is based upon a permissible construction of the statute.... Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Chevron USA Inc. v. Natural Resources Defense Council Inc., 467 U.S. 837, 843-44, 104 S.Ct. 2778, 2781-83, 81 L.Ed.2d 694 (1984). In this case, the Secretary's regulation is not entitled to the degree of deference normally granted to its interpretative regulations because this regulation reversed the Secretary's nine-year policy of not counting withheld payments as income received.[3] "An agency interpretation of a relevant provision which conflicts with the agency's earlier interpretation is 'entitled to considerably less deference' than a consistently held view." I.N.S. v. Cardoza Fonsela, 480 U.S. 421, 107 S.Ct. 1207, 1221 n. 30, 94 L.Ed.2d 434 (quoting Watt v. Alaska, 451 U.S. 259, 273, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981)); see also Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). Even under this less deferential standard of review, we must agree with the Secretary's interpretation of the statute.
 
 
 9
 Three other circuits, the First, Second, and Fifth, have been called upon to determine the appropriate interpretation of the word "received" in section 1382a(a)(2)(B), and each circuit has adopted the Secretary's position. See Slosek v. Secretary of Health and Human Services, 861 F.2d 13 (1st Cir.1988), aff'g and adopting 674 F.Supp. 944 (D.Mass.1987); Robinson v. Bowen, 828 F.2d 71 (1987), aff'g and adopting 650 F.Supp. 1495 (S.D.N.Y.1987); Lyon v. Bowen, 802 F.2d 794 (5th Cir.1986). These courts reasoned that in other subsections of the statute, Congress listed similar examples of income without using the word "received" and since Congress did not require actual receipt of these other types of income, it did not intend to require actual receipt of the benefits described in section 1382a(a)(2)(B) either. As the Fifth Circuit explained,
 
 
 10
 [h]ad Congress intended to impose a condition of receipt on subsection (a)(2)(B) payments, we believe it would have imposed such a requirement in the other subsections as well. The absence of any mention of receipt in other subsections leads us to believe that the term "received" imposes no special conditions on disability insurance benefits and serves merely as a grammatical link between "payments" and the descriptive list of benefits which follows.
 
 
 11
 Lyon, 802 F.2d at 798.
 
 
 12
 Because we find that Congress did not intend "receive" to mean actual receipt, we also find that the Secretary's regulation does not violate section 1382a(a)(2)(B). For that reason, we reverse the decision of the district court.
 
 
 13
 REVERSED.
 
 
 
 [1]
 Section 1382a(a)(2) reads in relevant part:
 (2) unearned income means all other income, including--
 (A) support and maintenance furnished in case or kind; ...
 (B) any payments received as an annuity, pension, retirement, or disability benefit including veterans' compensation and pensions, workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement annuities and pensions, and unemployment insurance benefits;
 (C) prizes and awards;
 (D) the proceeds of any life insurance policy to the extent that they exceed the amount expended by the beneficiary for purposes of the insured individual's last illness and burial or $1,500, whichever is less;
 (E) gifts (case or otherwise), support and alimony payments, and inheritances; and
 (F) rents, dividends, interest, and royalties.
 
 
 [2]
 More precisely, the district court held that "received" should be defined by the "availability of income." Relying on Jackson v. Schweiker, 683 F.2d 1076, 1082 (7th Cir.1982), the court concluded that the withheld Title II benefits should not be counted as income "received" because it is not available for the purchase of food, clothing and shelter--the purpose of SSI
 
 
 [3]
 20 C.F.R. Sec. 416.1123(b)(1) replaces 20 C.F.R. Sec. 416.1120 (1977) which provided that eligibility for SSI could only be calculated according to the income actually possessed by an applicant