**Bernice INMAN, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. NA–91–87–C.**

United States District Court,
S.D. Indiana,
New Albany Division.

Dec. 17, 1992.

Jamie Andree, Bloomington, IN, Kenneth J. Falk, Indianapolis, IN, Gill Deford, Kim Savage, Los Angeles, CA, for plaintiff.

Jeffrey L. Hunter, Asst. U.S. Atty., Indianapolis, IN, for defendant.

## ENTRY

DILLIN, District Judge.

This cause comes before the Court on the plaintiff's motion for summary judgment. For the following reasons, the plaintiff's motion is GRANTED.

## BACKGROUND

The plaintiff, Bernice Inman, filed this action to challenge two policies that the defendant, the Secretary of Health and Human Services (Secretary), uses to determine eligibility for the amount of assistance due certain individuals under the Supplemental

Security Income (SSI) program. The first policy is to count as unearned income to the SSI applicant or recipient any portion of a Veteran's Administration (VA) benefit paid to the spouse or parent of the SSI applicant or recipient for the care of the SSI applicant or recipient on account of dependency. Social Security Ruling (SSR) 83–31. The second policy is to count as unearned income to an SSI applicant or recipient any unreimbursed medical expense payment made by the VA to the SSI applicant or recipient or to the spouse or parent of the SSI applicant or recipient.

These policies led the Social Security Administration (SSA) to reduce Inman's SSI benefits prospectively and to assess her an overpayment with respect to certain SSI benefits she had already received. The SSA subsequently agreed, however, to waive recoupment of the overpayment. Inman filed the present suit to challenge the policies and to reverse the SSA's reduction of her benefits, both prospectively and retroactively.

A Court order dated June 9, 1992, certified two classes of individuals to the present action, with plaintiff Inman as class representative in each case. Those classes are: (1) All persons residing in Indiana whose SSI benefits have been or will be denied, terminated or reduced, in an administrative decision rendered at any level on or after May 2, 1991, because of the Secretary's policy of counting as unearned income to the SSI applicant or recipient the amount of the augmented veteran's benefit paid to the applicant's or recipient's spouse or parent; and (2) All persons residing in Indiana whose SSI benefits have been or will be denied, terminated or reduced, in an administrative decision rendered at any level on or after May 2, 1991, because of the Secretary's policy of counting as unearned income to the SSI applicant or recipient the amount of the unreimbursed medical expense paid by the VA to the applicant or recipient or to the applicant's or recipient's spouse or parent.

Inman requests the Court to declare the policies of the Secretary at issue invalid and to enjoin further enforcement of them. She seeks for herself and for all members of both classes she represents payments of SSI benefits denied them as a result of these policies.

## DISCUSSION

■ Inman has moved for summary judgment. Such a judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ. Pro. 56(c). While facts are viewed in the light most favorable to the nonmoving party, there is an affirmative burden of production on the nonmoving party to defeat a proper summary judgment motion. *Baucher v. Eastern Indiana Prod. Credit Ass'n*, 906 F.2d 332, 334 (7th Cir.1990) (following *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). Before the Court denies summary judgment, it must be determined whether there is sufficient evidence for a jury to find a verdict in favor of the nonmoving party. *Id.* (following *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986)).

■ For a summary judgment to be granted in Inman's favor, the Court must determine that the two SSA policies in issue are invalid as a matter of law. Generally, a reviewing court will not overturn agency action unless it concludes that the action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A) (1982); *Healea v. Bowen*, 871 F.2d 48, 50 (7th Cir.1988). However, where the Secretary's interpretive ruling differs from his earlier interpretation of the applicable regulation, less deference is afforded the Secretary's position. *Id.* at 50. Additionally, a reviewing Court will not defer to "administrative interpretations when they are 'plainly erroneous or inconsistent with the regulation[s].'" *Paxton v. Secretary of Health and Human Servs.*, 856 F.2d 1352, 1356 (9th Cir.1988).

■ Finally, where the Secretary purports to interpret the statutes and regulations "governing the interests and obli-

gations of veterans' pension recipients ... the Secretary ... is not entitled to deference." *Whaley v. Schweiker*, 663 F.2d 871, 873 (9th Cir.1981).

The Court first will address the policy of the Secretary to count as unearned income to the dependent the augmented portion of a VA benefit paid to the veteran because of his dependents.

### I. Secretary's policy of counting veterans' augmented portion as unearned income to the dependent

■ The SSI enabling statute declares that unearned income "received" by the SSI applicant or recipient will be counted to determine eligibility for SSI benefits. 42 U.S.C. § 1382a(a)(2)(B). Inman argues that since the veteran, rather than the dependent, "receives" the augmented portion in his monthly check, SSR 82–31, which stipulates that the augmented portion be counted as unearned income to the dependent, violates the governing statute.

Conversely, the Secretary contends that the payee of the check is not the determinative factor. He argues that for ease of administration the VA issues one check that includes both the veteran's and the dependents' portions, with the veteran being the named payee. The Secretary maintains that by counting the augmented portion as unearned income to the dependent he is fulfilling his statutory duty to factor in veterans benefits in determining SSI eligibility. *Id.* Additionally, the Secretary posits that the dependent generally receives the augmented portion from the veteran either in cash or in kind.[1]

Originally the SSA counted a veteran's entire VA payment—including the augmented portion he received because of his dependents—as unearned income to the veteran for SSI purposes. This practice was based on 42 U.S.C. § 1382a(a)(2)(B) and 20 C.F.R. § 416.1121(a), which state that veterans benefits are unearned income for purposes of determining SSI eligibility.

However, after several appellate courts held that the augmented portion of the veteran's check could not be counted as unearned income to the veteran, *Whaley v. Schweiker*, 663 F.2d 871 (9th Cir.1981); *Tsosie v. Califano*, 651 F.2d 719, 722 (10th Cir.1981); *Webster v. Califano*, No. 78–3492 (6th Cir. July 10, 1980), the Secretary changed his policy and determined that the augmented portion would count as income to the dependent for SSI purposes. SSR 82–31.

In evaluating this policy, two factors prompt the Court to apply a less deferential standard than is generally accorded agency action. First, as previously noted, SSR 82–31 differs from the Secretary's earlier interpretation of the applicable statute and regulation. *See Healea v. Brown*, 871 F.2d 48 (7th Cir.1988) (holding that a regulation that reversed a former policy is not entitled to the degree of deference generally afforded the Secretary's regulations). Second, the Secretary is evaluating income from the VA program rather than income from the SSA program. Thus, since the Secretary is outside his area of expertise, less deference is properly accorded his interpretations. *Whaley v. Schweiker*, 663 F.2d 871, 873 (9th Cir.1981).

Bearing in mind this less deferential standard, we turn to the substantive issue: Is SSR 82–31 a valid interpretation of the Secretary's statutory and regulatory duty?

This issue previously has been addressed by at least one circuit court and three district courts. The Ninth Circuit and two district courts have held that the Secretary may not count the augmented portion as income to the dependent, *Paxton v. Secretary of Health and Human Servs.*, 856 F.2d 1352 (9th Cir.1988); *White v. Sullivan*, No. 89–335, slip op. (D.Vt. May 27, 1992); *Kennedy v. Sullivan*, No. 89–186–E, slip op. (N.D.Va. April 15, 1992), while

---

1. Under SSA regulations, both earned and unearned income include items received in kind. 20 C.F.R. § 416.1130(a).

   In-kind support and maintenance means any food, clothing, or shelter that is given to you or that you receive because someone else pays for it ...
   20 C.F.R. § 416.1130(b).

one district court has determined that the Secretary may charge the augmented portion as unearned income to the dependent. *Sprouse v. Sullivan,* 738 F.Supp. 999 (E.D.Va.1990).

Because we are limited to either validating or invalidating the Secretary's policy as it is written, we join the Ninth Circuit in concluding that the policy to count the augmented portion of VA benefits as unearned income to the dependent is invalid. Several factors lead to this conclusion.

First, the statute from which the SSA derives this policy states that unearned income includes "... any payment *received* as an annuity, pension, retirement, or disability benefit, including veterans' compensation and pensions...." 42 U.S.C. § 1382a(a)(2)(B) (emphasis added). The question presented is whether a dependent actually receives the augmented portion when it is payable to the veteran.

The statute does not define "received," so we construe the word according to its ordinary meaning. *White,* No. 89–335, slip op. at 7. "Receive" is defined as "[t]o take into possession and control; accept custody of; collect." *Black's Law Dictionary* 1140 (5th ed. 1979). In the instant case, the veteran is the payee and, therefore, is in a position to spend the funds in whatever way he chooses. While the veteran may use the augmented portion for the support of dependents, there is no certainty that he will do so. *See White,* No. 89–335, slip op. at 8; *Kennedy,* No. 89–186–E, slip op. at 10. Because the dependent does not necessarily have possession of or exercise control over the augmented portion of the veteran's benefits, we find it inconsistent with the statute to consider that the dependent has "received" such payment.[2]

Furthermore, SSI regulations explain that unearned income used for calculating SSI eligibility and amount are "usually related to prior work or service." 20 C.F.R. § 416.1121(a). This general rule refers to the SSI *claimant's* prior work or service. *Paxton,* 856 F.2d at 1357. In the instant case, the augmented portion the veteran receives because of his dependents is related to the veteran's prior service, *not* the claimant's. Regardless of this distinction, SSR 82–31 counts these payments as unearned income to the claimant/dependent. *Id.* Although the Secretary has carved an exception to the general rule in devising SSR 82–31, he has failed to explain his rationale for doing so.

Another consideration here is that "calculation of income for SSI purposes is not a zero-sum mathematical problem in which all forms of public assistance must be used to reduce some family member's SSI benefits." *Paxton,* 856 F.2d at 1357. As the *Paxton* court noted, there are many types of unearned income that are not counted in determining SSI eligibility.[3] Even if the legislature did intend for the augmented

---

2. The Secretary argues that actual receipt is not necessary for certain funds to be counted as income against an SSI beneficiary. To support his argument, he cites *Martin v. Sullivan,* 932 F.2d 1273 (9th Cir.1990); *Healea v. Bowen,* 871 F.2d 48 (7th Cir.1988); and *Cervantez v. Sullivan,* 963 F.2d 229 (9th Cir.1992). In *Martin* and *Healea,* the Ninth Circuit and Seventh Circuit, respectively, were dealing with cases in which the Secretary was withholding funds from the SSI claimants' checks because the claimants earlier had received overpayments. The amount withheld was counted as unearned income to the SSI claimants. In both cases, the claimants were deemed at least partially at fault for the overpayment. In *Cervantez,* the Secretary was withholding funds from the SSI claimants' check to satisfy a state court garnishment order for child support arrearages. The garnished amount was counted as unearned income to the SSI claimant.

We believe that these cases are distinguished from the instant case in that in each of them the claimant received an actual benefit in the form of extinguishing part of an outstanding debt. *See Kennedy v. Sullivan,* No. 89–186–E, slip op. at 13 (N.D.Va. April 15, 1992). In this case, Inman and the class she represents have received no definite benefit.

3. Section 416.1124(b) recognizes that some "federal laws other than the Social Security Act provide that we cannot count some of your unearned income for SSI purposes." Additionally, § 416.1124(c) lists fifteen other types of unearned income that are not counted. Examples are: (1) Assistance based on need which is wholly funded by a state or one of its political subdivisions, § 416.1124(c)(2), and (2) Payments for providing foster care to an ineligible child who was placed in your home by a public or private nonprofit child placement or child care agency. § 416.1124(8).

portion of a veteran's check to be counted, we do not believe the Secretary's current policy correctly interprets Congressional intent. By reducing a veteran's dependent's entitlement to SSI benefits, SSR 82–31 may leave the dependent with the insurmountable task of collecting either money or in-kind support from the veteran. Because the funds the dependent seeks from the veteran are for life's essentials, inability to collect threatens the dependent's bare sub-sistence.

Assuming, as the Secretary suggests, that the veteran does use the augmented portion of his VA check for his dependent's needs, the Secretary's policy is still flawed. Since the veteran receives the augmented portion in a check payable only to him, his use of these funds for his dependent's food, shelter or clothing would qualify as in-kind income to the SSI claimant rather than *money*.[4] *See* 20 C.F.R. § 416.1103(g). Thus, labeling such expenditures as monetary income to the dependent contradicts the governing SSI regulations in cases where the actual benefit is in-kind support. *Paxton*, 856 F.2d at 1357–58.

This point is especially significant in cases where the SSA is calculating SSI eligibility and benefit amount for a member of a public assistance household.[5] SSI regulations prohibit the Secretary from including in his calculation in-kind support and maintenance extended to the claimant from members of his or her public assistance household. 20 C.F.R. § 416.1142(b).

Consequently, in the instant case, any SSI claimants or recipients in the plaintiff class who are members of public assistance households are not required to count this in-kind support and maintenance in their SSI determination. However, since the Secretary considers that the augmented

portion is cash, he automatically counts it in his calculations regardless of a claimant's status as a member of a public assistance household.

We find this practice untenable and in conflict with the SSI regulations themselves. The SSA's mislabeling unjustifiably reduces the benefit amount of an undetermined number of SSI claimants who must rely on SSI for survival.

Our decision in favor of Inman on other grounds disposes of any need to discuss Inman's argument that SSR 82–31 is a substantive policy and, as such, is invalid because it wasn't promulgated in accordance with the notice and comment requirements of the Administrative Procedures Act.

In conclusion, the Court finds that the Secretary may not automatically count the augmented portion of a VA check as unearned income to the dependent for SSI purposes. SSR 82–31 is inconsistent with the governing statute and SSI regulations and, therefore, is invalid. Summary judgment is thus granted in favor of Inman and the class she represents.

II. Secretary's policy regarding unreimbursed medical expense payments made by the VA

■ The second policy of the Secretary in issue is that of counting as unearned income to an SSI applicant or recipient any unreimbursed medical expense payment made by the VA to the SSI applicant or recipient or to the spouse or parent of the SSI applicant or recipient.

An SSI regulation establishes that "[a]ssistance provided in cash or in kind ... under a Federal, State, or local government program, whose purpose is to provide medical care or services" is not income for SSI

---

**4.** As mentioned earlier, in-kind support and maintenance are generally counted as either earned or unearned income. The Social Security Regulations provide an example of in-kind support:

> If your daughter uses her own money to pay the grocer to provide you with food, the payment itself is not your income because you do not receive it. However, because of your daughter's payment, the grocer provides you with food; the food is in-kind income to you.

20 C.F.R. § 416.1103(g).

**5.** A public assistance household is one in which every member receives some kind of public income-maintenance payments. 20 C.F.R. § 416.1142(a). U.S. Veteran's Administration programs (based on need) are among the types of public income-maintenance payments. For a complete listing, see 20 C.F.R. § 416.1142(a)(1)–(7).

purposes. 20 C.F.R. § 416.1103(a)(3). Inman contends that this regulation prevents the Secretary from treating VA payments for unreimbursed medical expenses as income to the SSI applicant or recipient or to his or her spouse or parent.

The Secretary suggests that the amount of the VA check that results from unusual medical expenses unreimbursed by any other source is merely an income adjustment to the veteran's pension. Because veteran's pensions are income for purposes of computing SSI benefits, 42 U.S.C. § 1382a(a)(2)(B), the Secretary asks the Court to charge this portion in full to its recipient.

The deference the Court is to accord the Secretary in reviewing this policy is less than that generally accorded agency action because the Secretary is interpreting statutes and regulations governing the interests of veterans' pension recipients as well as SSA regulations. *Whaley,* 663 F.2d at 873. However, even using the higher degree of deference this policy would fail because we find the policy is manifestly contrary to the SSI regulations. *Healea,* 871 F.2d at 50 (quoting *Chevron USA Inc. v. Natural Resources Defense Council Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).

The definition of income as provided by SSI regulations is "anything you receive in cash or in kind that you can use to meet your needs for food, clothing, and shelter." 20 C.F.R. § 416.1102. Since the reimbursement the veteran receives for unusual medical expenses merely replaces income previously spent on medical care, we do not believe that such reimbursement can be considered available to meet the recipient's food, clothing or shelter needs. To the contrary, if the veteran had not earlier disbursed funds for medical care, he would not have received the subsequent VA payment.

Not only do reimbursements for medical expenses fall outside the Secretary's general definition of income, the regulations also plainly exempt from income "[a]ssistance provided in cash or in kind under a Federal, State, or local government program, whose

purpose is to provide medical care or services." 20 C.F.R. § 416.1103(a)(3). We believe that payments made to the veteran on account of unusual medical expenses belong in this category.

Consequently, we find that the SSI regulations themselves prohibit the Secretary from counting reimbursement to veterans for unusual medical expenses as income for SSI purposes. *See Summy v. Schweiker,* 688 F.2d 1233 (9th Cir.1982); *Peffers v. Bowman,* 599 F.Supp. 353 (D.Idaho 1984); *Mitson v. Coler,* 674 F.Supp. 851 (S.D.Fla. 1987) (holding that "[w]hile the UME provision is arguably an income adjustment provision, the Court does not find meaningful the distinction between a reimbursement of medical expenses and an adjustment to income.... The Secretary's argument in this case is one of mere semantics"); *Sherman v. Griepentrog,* 775 F.Supp. 1383 (D.Nev.1991). Summary judgment on this issue is granted to the plaintiff class.

### III. Inman's request for retroactive relief

■ In her complaint, Inman requested retroactive relief for all class members whose SSI benefits have been reduced due to the Secretary's policies at issue here. Although both Inman and the Secretary failed to address this issue in their briefs, necessity demands its resolution.

Because this case involves policies that are inconsistent with the governing statutes and regulations rather than provisions that are constitutionally repugnant, we believe that retroactive application is inappropriate. *Cf. Jimenez v. Weinberger,* 523 F.2d 689 (7th Cir.1975) (holding that retroactive relief was available to the plaintiff class which successfully challenged the constitutional validity of a provision of the Social Security Act).

Reinforcing this decision is the application of the facts of this case to the factors on which the Supreme Court relied in *Chevron Oil Co. v. Huson* when determining a nonretroactivity question. 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296, 306 (1971). Granting retroactive relief in this case could act to retard the prospective operation of the decision, a concern of

**666**

the second prong of the *Chevron* test. The unwieldy task of ascertaining not only to whom retroactive payments would be owed but also the proper amount owed to each would likely put a time and manpower strain on the Secretary. The result could be inefficient prospective operation of this decision, as well as unreasonable hardship on the Secretary, a consideration under *Chevron's* third prong.

Finally, decisions by other courts buttress our decision finding nonretroactivity appropriate. *See Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Rothstein v. Wyman*, 467 F.2d 226, 241 (2nd Cir.1972), *cert. denied*, 411 U.S. 921, 93 S.Ct. 1552, 36 L.Ed.2d 315 (1973); *Rivers v. Schweiker*, 692 F.2d 871, 873-74 (2nd Cir.1982).

IV. Conclusion

In conclusion, we find that the two SSA policies challenged in this case are invalid as inconsistent with the governing statute and regulations. Therefore, the Court grants summary judgment in favor of Inman and the classes she represents regarding the respective policies challenged. Additionally, the Court holds that while prospective relief is appropriate, retroactive relief is unavailable to the plaintiff class.

JUDGMENT

The Court having this day filed its Entry in the above captioned matter in the following words and figures: (H.I.), now therefore,

IT IS CONSIDERED AND ADJUDGED that, SSR 83-31, the policy of the Secretary to count as unearned income to the SSI applicant or recipient any portion of a Veteran's Administration (VA) benefit paid to the spouse or parent of the SSI applicant or recipient for the care of the SSI applicant or recipient on account of dependency, and the policy of the Secretary to count as unearned income to an SSI applicant or recipient any unreimbursed medical expense payment made by the VA to the SSI applicant or recipient or to the spouse or parent of the SSI applicant or recipient are invalid and the Secretary is enjoined from further enforcement of them.

IT IS FURTHER CONSIDERED AND ADJUDGED that the plaintiff class take no retroactive relief by way of its complaint.