895 P.2d 1188 (1995)
Ruth RAMSEYER, individually, and Ruth Ramseyer as Personal Representative for Walter Smith, Deceased, Plaintiffs-Appellants,
v.
The COLORADO DEPARTMENT OF SOCIAL SERVICES, n/k/a The Colorado Department of Human Services, and Karen Beye, in her official capacity as Director, Defendants-Appellees.
No. 93CA1359.
Colorado Court of Appeals, Div. I.
April 20, 1995.
*1189 Catherine N. Snow, Pikes Peak Legal Services, Colorado Springs, for plaintiffs-appellants.
Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Joanna L. Wilkerson, Asst. Atty. Gen., Denver, for defendants-appellees.
Opinion by Judge METZGER.
In this proceeding for judicial review of an administrative ruling pursuant to § 24-4-106(7), C.R.S. (1988 Repl.Vol. 10A), plaintiffs, Ruth Ramseyer, individually, and Ruth Ramseyer as Personal Representative for Walter Smith, deceased, appeal the district court's affirmance of the final action of defendants, the Colorado Department of Social Services, n/k/a the Colorado Department of Human Services (the Department), and Karen Beye, as Director, determining that plaintiffs were ineligible for Old Age Pension benefits. We affirm.
*1190 Plaintiffs were husband and wife. Both received social security benefits, and, in March 1992, both applied for Old Age Pension benefits to supplement their social security benefits.
At the time of his application, Smith was eligible to receive approximately $693 per month in social security benefits. However, certain of these benefits were being garnished by his ex-wife for spousal maintenance and he actually received $264.80. Ramseyer received $434 per month in social security benefits.
Plaintiffs' applications for benefits were denied by the Department. The "need standard" for eligibility for Old Age Pension benefits at the time of their applications was $478 per month, and, based on its regulations, the Department determined that the money garnished from Smith was to be included as income to him and, in turn, deemed to be income to his wife, Ms. Ramseyer. As a result, both plaintiffs were disqualified from eligibility.
Plaintiffs appealed the Department's determination of ineligibility in an administrative review proceeding. The Administrative Law Judge affirmed, as did the Office of Appeals.
Plaintiffs then filed this action in district court pursuant to § 24-4-106(7). The district court affirmed the agency action.
The plaintiffs make three separate arguments. However, the central issue on appeal is whether the Department erred in including the garnished portion of Smith's social security income in determining the plaintiffs' eligibility for Old Age Pension benefits. Because we conclude that the garnished income was properly includable as "countable income," we reject all three arguments, as did the trial court.

I.
The plaintiffs first argue that the trial court erred in determining that the Department was correct in denying their applications for Old Age Pension benefits. According to plaintiffs, since Colorado statutes and regulations do not provide that garnished funds can be counted as income in determining Old Age Pension eligibility, the Department acted arbitrarily and capriciously in doing so. We do not agree.
In 1936, the Colorado Constitution was amended to create the Old Age Pension Fund, which provides financial assistance for those who have attained the age of 60 and who qualify under the laws of Colorado to receive a pension. Colo. Const. art. XXIV. The constitution authorized the State Board of Public Welfare (now the Department of Human Services) to administer Old Age Pensions and directed that it "shall cause all moneys deposited in the Old Age Pension Fund to be paid out as directed by this article and as required by statutory provisions not inconsistent with the provisions hereof, after defraying the expense of administering the said fund." Colo. Const. art. XXIV, § 4.
With certain additional conditions not relevant here, § 26-2-111(2), C.R.S. (1994 Cum. Supp.) states that a person over 60 years of age must be granted Old Age Pension benefits if he or she meets the requirements of § 26-2-111(1), C.R.S. (1989 Repl.Vol. 11B). Section 26-2-111(1) requires that a person is eligible for public assistance if:
(a) He [or she] is a resident of the state of Colorado ... [and]
(b) He [or she] has insufficient income, property, or other resources to meet his [or her] needs as determined pursuant to rules and regulations of the state department....
Section 26-2-114(2)(b)(I), C.R.S. (1989 Repl.Vol. 11B) also states in pertinent part:
The amount of net income from whatever source, either in cash or in kind, which any person qualified for an old age pension may receive shall be deducted from the amount of monthly pension which such person would otherwise receive.
Department of Human Services Regulation, 9 Code Colo.Reg. 2503-1, § 3.250.21 (1994) (effective 12/1/81) provides:
Unless otherwise specified, any unearned income is countable and together with all other countable income of the individual or family must be considered against the applicable *1191 assistance program need and/or grant standards specified in the chapters covering the different programs.
"Any" unearned income is equivalent to "all" unearned income. See Obert v. Colorado Department of Social Services, 766 P.2d 1186 (Colo.1988). Social Security income is unearned income. See Department of Social Services Regulation, 9 Code Colo.Reg. 2503-1, § 3.250.25(H) (1989).
Here, since Mr. Smith was eligible to receive Social Security benefits, the entire amount must be imputed to him in computing his income level for Old Age Pension eligibility.
We note that, in determining eligibility for Supplemental Security Income (SSI) payments under the comparable federal scheme, other courts have held uniformly that garnished unearned income must be counted. See, e.g., Cervantez v. Sullivan, 963 F.2d 229 (9th Cir.1992). We adopt that rationale.
Accordingly, we hold that the trial court was correct in concluding that the Colorado statutory and regulatory scheme authorizes the inclusion of garnished Social Security benefits in calculating income for Old Age Pension eligibility.

II.
Plaintiffs next contend the trial court erred in implicitly determining that the Department's regulatory scheme does not violate their equal protection rights under the Colorado or United States Constitutions. We perceive no denial of equal protection.
In the absence of a fundamental right, a suspect class, or a classification triggering an intermediate standard of scrutiny, a rational basis of review applies to equal protection claims. Regency Services Corp. v. Board of County Commissioners, 819 P.2d 1049, 1056 (Colo.1991) ("A regulatory scheme will be upheld as long as the classification is based on differences that are real ... and the classification is reasonably related to a legitimate state interest.") Since there is no fundamental right or suspect class involved here, the rational basis of review applies.
Applying this standard, we conclude that there is a rational basis for using the federal criteria and for including Smith's garnished income in determining his eligibility for Old Age Pension benefits. See Jeffrey v. Colorado State Department of Social Services, 198 Colo. 265, 599 P.2d 874 (1979) (state has a valid interest in preserving the fiscal integrity of its programs and may legitimately limit its expenditures).
As the court determined in Cervantez v. Sullivan, supra, there are real differences between persons whose incomes are garnished and those whose incomes are not garnished. There, the court interpreted a federal regulation comparable to that here and stated that:
In the absence of such a regulation, the SSI program would replace garnished income a dollar-for-a-dollar, favoring SSI claimants who did not pay their debts. Claimants with some outside income would have an incentive to fail to pay their debts and await garnishment, thereby shifting the cost of repayment to the SSI program.
Cervantez v. Sullivan, supra, at 235.
Other courts have adopted the same analysis. See Himes v. Shalala, 999 F.2d 684 (2d Cir.1993) (court ordered support payments are included in available income); Emerson v. Steffen, 959 F.2d 119 (8th Cir.1992) (states are not required to exclude court ordered payments from income); Crider v. State, 555 So.2d 408 (Fla.App. 1st Dist.1989) (income not to be reduced by spousal support order); Clark v. Iowa Department of Human Services, 513 N.W.2d 710 (Iowa 1994) (income is to be determined from when it is received, not after it is reduced by payments under a spousal support order); Estate of G.E. v. Division of Medical Assistance, 271 N.J.Super. 229, 638 A.2d 833 (1994) (amounts paid to satisfy support orders constitute available income).
In sum, we conclude that plaintiffs' equal protection rights were not violated.

III.
We also reject plaintiffs' related argument that the trial court erred in finding that the *1192 Department's actions were not arbitrary and capricious.
In determining whether an administrative agency's decision is arbitrary or capricious, the court must determine whether a reasonable person, considering all of the evidence in the record, would fairly and honestly be compelled to reach a different conclusion. If not, no abuse of discretion has occurred and the agency decision must be upheld. See U-Tote-M of Colorado, Inc. v. City of Greenwood Village, 39 Colo.App. 28, 563 P.2d 373 (1977).
Because there is substantial evidentiary and legal support for the Department's determination, the trial court did not err in rejecting plaintiffs' argument.
Accordingly, the judgment is affirmed.
CRISWELL and KAPELKE, JJ., concur.