The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kevin L. BLANKENSHIP, Defendant–Appellant.

No. 03CA0665.

Colorado Court of Appeals, Division IV.

Feb. 10, 2005.

Certiorari Denied Aug. 22, 2005.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2004.

John W. Suthers, Attorney General, Laurie A. Booras, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Law Firm of Douglas S. Joffe, Douglas S. Joffe, Denver, Colorado, for Defendant–Appellant.

GRAHAM, J.

Defendant, Kevin L. Blankenship, appeals the trial court order denying his postconviction motion under Crim. P. 35(c). We affirm.

## I. Background

Defendant, a juvenile who ran away from his home in Illinois, was convicted on jury verdicts in two separate trials for kidnapping, robbery, burglary, and murder of an elderly woman. Following his arrest and after signing a form waiving his *Miranda* rights, defendant made incriminating statements to the police that were later admitted at trial. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The verdicts were affirmed on an earlier direct appeal. *People v. Blankenship,* 30 P.3d 698 (Colo.App.2000).

Defendant subsequently filed a Crim. P. 35(c) motion asserting that § 19–2–511(2)(a)(III), C.R.S.2004, which allows the admission of statements by a runaway juvenile from a state other than Colorado, made during custodial interrogation, is unconstitutional. Defendant contends that the statute violates the Equal Protection Clauses of the Colorado Constitution, art. II, § 25, and the United States Constitution Amend. XIV. He argues that his confession was therefore illegally obtained. He also asserts that his trial counsel rendered ineffective assistance because that counsel failed to seek suppression of the confession as having been obtained in violation of defendant's right to equal protection. The trial court denied his motion without a hearing.

## II. Equal Protection

■ In an equal protection challenge, the level of judicial scrutiny varies according to the type of classification involved and the nature of the right affected. One of three standards of review may apply. They are strict scrutiny, intermediate scrutiny, and rational basis review. *See Romer v. Evans,* 517 U.S. 620, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996).

■ Strict scrutiny review is applied where the statute in question discriminates against members of traditionally suspect classes, such as race, or involves a fundamental constitutional right, such as the right afforded by the Fifth Amendment to the United States Constitution. *Evans v. Romer,* 854 P.2d 1270 (Colo.1993). Laws subject to such review will be upheld only where a compelling state interest is shown and the statute is narrowly drawn to achieve that interest by the least restrictive means. *Evans v. Romer, supra.*

■ Intermediate scrutiny requires a showing that the statute in question furthers an important governmental interest in discriminating, for example, on the basis of age difference. *Lalli v. Lalli,* 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978).

■ In the absence of a traditionally suspect class, the implication of a fundamental right, or some other classification that

warrants review under intermediate scrutiny, we will apply a rational basis standard of review. *Ramseyer v. Colo. Dep't of Soc. Servs.,* 895 P.2d 1188 (Colo.App.1995). Where we apply this standard, the challenging party must prove beyond a reasonable doubt that the classification bears no rational relationship to a legitimate legislative purpose or government objective, or that the classification is unreasonable, arbitrary, or capricious. *Pace Membership Warehouse v. Axelson,* 938 P.2d 504 (Colo.1997).

Crim. P. 35(c) requires the trial court to hold an evidentiary hearing unless the motion, the files, and the record of the case clearly establish, to the satisfaction of the court, that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief. *See also White v. Denver Dist. Court,* 766 P.2d 632 (Colo.1988).

Defendant contends that the trial court erred in rejecting his equal protection arguments. We disagree and conclude that no hearing was necessary.

### A. Strict Scrutiny

We first reject defendant's contention that § 19–2–511(2)(a)(III) confers a fundamental right.

In reviewing the statute, we presume that the statute is valid and will uphold it if the classifications which it draws are rationally related to a legitimate state interest. *Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). No presumption of constitutionality is accorded to a classification if we adopt a strict scrutiny review of the statute. *See Qutb v. Strauss,* 11 F.3d 488 (5th Cir.1993).

Section 19–2–511(1), C.R.S.2004, provides that statements or admissions made by a juvenile during custodial interrogation shall be inadmissible unless the juvenile's parent or guardian was present at the interrogation and both the juvenile and the parent received proper *Miranda* advisements. Excepted from this protection, as relevant here, are statements and admissions of a juvenile who is "a runaway from a state other than Colorado *and is of sufficient age and under-*

*standing."* Section 19–2–511(2)(a)(III) (emphasis added).

Defendant urges that a strict scrutiny review is necessary here because the statute involves a fundamental liberty interest—the privilege against self-incrimination.

We are unaware of any federal constitutional interpretation which requires that a juvenile's parent or guardian be notified prior to obtaining a *Miranda* waiver. *See Fare v. Michael C.,* 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). Thus, § 19–2–511 does not diminish Fifth Amendment protections. Rather, the statute provides for additional protection. The provision here does not abrogate *Miranda*'s protections, but explicitly requires that a runaway juvenile's statements are not admissible unless he makes a valid waiver of his rights. *See* § 19–2–511(2)(a). Indeed, here, there is no dispute that the juvenile was given a proper *Miranda* advisement and that he waived his right to remain silent or to have an attorney present. *See People v. Blankenship, supra* (defendant's incriminating statements to police were made voluntarily after he waived his *Miranda* rights). The statute does not otherwise burden any other fundamental right.

We are not persuaded by defendant's alternative argument that juveniles should warrant a special classification, such as race or gender, because their adolescent brains are undeveloped. According to defendant, juveniles lack the cognitive ability to make a knowing election under *Miranda.* He argues that juveniles therefore occupy a special class of persons to whom additional constitutional protection ought to be afforded because "[t]he scientific studies on the cognitive abilities of adolescents do not differentiate between adolescents who are runaways and those who are not." This argument lacks support in the law and the record.

Accordingly, we apply a rational basis standard of review to determine if the classification furthers a legitimate legislative purpose.

### B. Rational Basis

■ Assuming, without deciding, that the classification created by § 19–2–511(2) affects similarly situated groups in an unequal manner, defendant's equal protection challenge fails to show that the disparate treatment bears no rational relationship to a legitimate legislative purpose or governmental objective.

■ In weighing whether a rational basis exists, we will allow a statutory classification to stand if it bears a rational relationship to legitimate governmental objectives and is not unreasonable. *HealthONE v. Rodriguez,* 50 P.3d 879 (Colo.2002). Under the rational basis standard, therefore, if a government classification which singles out a group of persons for disparate treatment is rationally founded on differences that are real and not illusory, and such classification is related to a legitimate state interest, then the statute is constitutional. *Tassian v. People,* 731 P.2d 672, 675 (Colo.1987).

■ "If any conceivable set of facts would lead to the conclusion that a classification serves a legitimate purpose, a court must assume those facts exist." *Christie v. Coors Transp. Co.,* 933 P.2d 1330, 1333 (Colo. 1997).

The General Assembly could have determined that juveniles who reside in this state should be treated differently from those who enter from another because the parents, guardians, or custodians of in-state runaways presumably live within the State of Colorado and therefore reside in closer proximity to the location of the arrest. As a result, they can be contacted more easily and be present for the interrogation with less difficulty.

Although defendant argues that in some cases the parent, guardian, or custodian of an out-of-state runaway may be closer in proximity to the arrest of a juvenile than the parent, guardian, or custodian of an in-state runaway, it is not irrational for the General Assembly to conclude that in the majority of circumstances the parents of the out-of-state runaway both will be more difficult to contact and will have to travel a greater distance.

■ Legislatures are presumed to have acted constitutionally. *See Mosgrove v. Town of Federal Heights,* 190 Colo. 1, 543 P.2d 715 (1975). While there may be isolated circumstances where defendant is correct, "a classification which has some reasonable basis is not unconstitutional because it is not made with mathematical nicety or because in practice it results in some inequality." *People v. M.A.,* 124 Ill.2d 135, 143, 124 Ill.Dec. 511, 529 N.E.2d 492, 495 (1988)(upholding a statute that required the school transfer of juveniles who were charged with unlawful use of weapons although more serious crimes associated with gang activity were not subject to the transfer statute). In comparison, in *People v. Thorpe,* 641 P.2d 935 (Colo.1982), the court applied a rational basis review to a discretionary determination that an adolescent was a juvenile rather than an adult.

In this case, defendant's parents in Illinois reside a greater distance from the arrest than would the parents of any Colorado runaway.

We perceive a rational basis for distinguishing between out-of-state runaways and in-state runaways.

### C. State Interest

We further conclude that the classification is rationally related to a legitimate state interest. The state has a legitimate interest in conducting effective and timely police interrogation as part of the investigation process. *See Moran v. Burbine,* 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986).

By creating an exception to the rule requiring the presence of the parent, guardian, or custodian of an out-of-state runaway, the statute relieves police of the burden of seeking and finding an out-of-state resident and then waiting for the additional travel time which would be required in most cases before interrogation could begin. Travel time to Colorado for out-of-state parents easily could consume a day or more, hampering investigation. In contrast, in-state parents generally could arrive at the place of interrogation within hours.

Defendant suggests that it would be easy to telephone an out-of-state parent, or for

that matter, simply to require presence by telephone. However, the statute contains no provision for telephone presence.

The statute is therefore constitutional under a rational basis standard, and we conclude that the trial court did not err in denying defendant's Crim. P. 35(c) motion without a hearing on those grounds.

### III. Ineffective Assistance of Counsel

█ Defendant also asserts that he was denied his right to effective assistance because his counsel did not challenge the constitutionality of the statute in the trial court. This argument was not asserted at trial or in defendant's Crim. P. 35(c) motion. Therefore, we need not address it on appeal. *See Walters v. People,* 166 Colo. 90, 441 P.2d 647 (1968).

### IV. Notification of the Attorney General

Defendant finally contends that the trial court erred by denying his motion in part based on defendant's failure to notify the attorney general of a constitutional challenge to a state statute as required by § 13–51–115, C.R.S.2004. Because we conclude that the trial court correctly rejected defendant's argument that § 19–2–511(2)(a)(III) was unconstitutional, we need not address defendant's final contention.

The order is affirmed.

Judge ROY and Judge WEBB concur.