FILED
United States Court of Appeals
Tenth Circuit

March 11, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN BLANKENSHIP,

       Petitioner - Appellant,

v.

AL ESTEP, Warden, Limon
Correctional Facility; JOHN W.
SUTHERS, Colorado Attorney
General,

       Respondents - Appellees.

No. 08-1476
(D.C. No. 05-CV-02066-WDM-KLM)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

Petitioner-Appellant Kevin Blankenship, an inmate appearing pro se, seeks

to appeal the district court's denial of his petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Mr. Blankenship argues that Colo. Rev. Stat. § 19-

2-511(2)(a)(III) violates the Equal Protection Clause of the Fourteenth

Amendment. The statute permits the admission of custodial statements made by

juvenile *out-of-state runaways* if they are "of sufficient age and understanding."

Colo. Rev. Stat. § 19-2-511(2)(a). However, admission of certain classes of other

juveniles' statements requires the presence of a parent, guardian, or custodian

during interrogation and <u>Miranda</u> advice of rights for both the juvenile and the

parent, guardian, or custodian. Colo. Rev. Stat. § 19-2-511(1). Because he

believes the statute creates an unconstitutional classification, he requests that his

conviction be vacated and any statements and admissions he made during his

custodial interrogation be deemed inadmissible in a new trial. I R. Doc. 3 at 9.

Mr. Blankenship was convicted in 1997 of first-degree murder, among

other crimes. I R. Doc. 3 at 2-2(a). He was sixteen years old and a runaway from

Illinois at the time of his offenses and is currently serving a life sentence without

the possibility of parole. I R. Doc. 3 at 2; I R. Doc. 19 at 1; I R. Doc. 32 at 2.

His convictions and sentences were largely affirmed on direct appeal. <u>People v.</u>

<u>Blankenship</u>, 30 P.3d 698, 709 (Colo. Ct. App. 2000). He then filed his state

post-conviction motion, containing his equal protection claim, pursuant to Colo.

Crim. P. 35(c), which was denied. The Colorado Court of Appeals affirmed the

denial of Mr. Blankenship's motion for post-conviction relief, applying rational

basis review to the statute's classification scheme and finding that Mr.

Blankenship failed to carry his burden of proving that the classification bears no

"rational relationship to legitimate governmental objectives and is . . .

unreasonable." <u>People v. Blankenship</u>, 119 P.3d 552, 556 (Colo. Ct. App. 2005),

<u>cert. denied</u>, No. 05SC229, 2005 WL 2064428 (Colo. Aug. 22, 2005). On

October 20, 2005, after exhausting his state court remedies, Mr. Blankenship filed

a federal habeas petition pursuant to 28 U.S.C. § 2254. The district court, upon

the recommendation of the magistrate judge, dismissed the petition with prejudice. Blankenship v. Estep, No. 05-cv-02066, 2008 WL 4964712 (D. Colo. Nov. 18, 2008).

To appeal, Mr. Blankenship must obtain a certificate of appealability (COA) which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Such a showing requires petitioner to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Where a claim has already been decided on its merits in state court, a petitioner is entitled to habeas relief

> only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2).

Smith v. Workman, 550 F.3d 1258, 1264 (10th Cir. 2008). Because Mr. Blankenship's claim was adjudicated on its merits in Colorado state court, the district court applied this framework and deferred to the state court's resolution of his equal protection claim. Blankenship, 2008 WL 4964712, at *2-3.

Colo. Rev. Stat. § 19-2-511 provides certain classes of juveniles greater

protection than is required under the Constitution by requiring the presence of a parent or guardian during interrogation and <u>Miranda</u> advice to both; however, states have the freedom to grant greater protection to individual rights than is warranted under the United States Constitution. <u>See</u> <u>Arizona v. Evans</u>, 514 U.S. 1, 8 (1995); <u>accord</u> <u>Blankenship</u>, 119 P.3d at 555. The Supreme Court has never held that juveniles have a right to the presence of a parent or guardian during custodial interrogation, let alone that the parent or guardian also must be advised of <u>Miranda</u>'s requirements. <u>See</u> <u>Miranda v. Arizona</u>, 384 U.S. 436, 467 (1966) (articulating a baseline model for protecting Fifth Amendment rights, and indicating that any alternative procedures must be at least as effective). Rather, whether a juvenile has validly waived his Fifth Amendment rights must be assessed by the totality of the circumstances. <u>Fare v. Michael C.</u>, 442 U.S. 707, 724-25 (1979). Although Mr. Blankenship argued that his waiver of his Fifth Amendment rights was neither knowing nor voluntary, that claim was resolved against him on direct appeal and is not challenged here. <u>Blankenship</u>, 30 P.3d at 702-04.

The Colorado court determined that any classification arising out of Colo. Rev. Stat. § 19-2-511(2)(a)(III) warranted only rational basis review. <u>Blankenship</u>, 119 P.3d at 554-56. It then determined that the Colorado legislature could provide for different treatment given the likely proximity of the parents, guardians, or custodians of in-state runaways, as opposed to those same groups

- 4 -

vis-à-vis out-of-state runaways, and that the classification furthered the state's interest in timely investigations, which often include interrogations. Id. at 556-57.

On appeal, Mr. Blankenship contends that he is not arguing about in-state versus out-of-state runaways, but rather the classification between out-of-state juveniles who are "of sufficient age and understanding" and those who are not. This issue was resolved against Mr. Blankenship on direct appeal where the Colorado Court of Appeals determined that this requirement was subsumed by a finding that any waiver comport with federal constitutional standards, *i.e.*, be knowing, intelligent, and voluntary, a standard applicable to all. Blankenship, 30 P.3d at 707.

He also argues that the district court should have applied strict scrutiny. However, because the statute does not "target a suspect class, involve a fundamental right, or implicate intermediate scrutiny," it "need only be rationally related to a legitimate government purpose." KT & G Corp. v. Att'y Gen. of State of Okla., 535 F.3d 1114, 1137 (10th Cir. 2008) (internal quotation marks and citation omitted). Age is not a suspect class for purposes of equal protection, Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83 (2000), and Mr. Blankenship has not demonstrated that any other classification in the statute warrants a heightened level of scrutiny. Moreover, while protection under the Fifth Amendment entails a fundamental liberty interest, the statute does not burden that interest. Rather,

for certain classes of juveniles, it simply broadens those protections.  Therefore, because Mr. Blankenship has not shown, as required under 28 U.S.C. § 2254, that reasonable jurists could debate that the state court's decision to apply rational basis review was not only wrong but also unreasonable, either as a determination of fact or as an application of clearly established federal law, we cannot grant a COA.  <u>See</u> <u>Dockins v. Hines</u>, 374 F.3d 935, 940 (10th Cir. 2004).

We DENY a COA and DISMISS the appeal.  Appellant's motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge